TAYLOR, Judge.
Appellant Robert Holman was charged with selling drugs in violation of the Alabama Uniform Controlled Substances Act. His attorney, Mr. David Luker, negotiated a plea bargain with Deputy District Attorney Rod Nelson. The sentencing agreement was that upon a plea of guilty, Holman would receive a sentence of fifteen years’ imprisonment in this case, to run concurrent with a fifteen year sentence he had already received upon a plea of guilty in another case. In addition, a third case, pending before the Jefferson County grand jury, was to be dismissed or nol-prossed by the deputy district attorney.
The terms of the plea bargain appear to be undisputed. Holman was enrolled in a drug rehabilitation program at the time that he pleaded guilty and the court agreed to defer his sentencing from that date, March 20, 1984, until June 15, 1984, so that Holman might complete his drug rehabilitation program and get his affairs in order before going to prison. On March 20, the court informed Holman that it was imposing some additional conditions upon the sentencing agreement. The additional conditions imposed were, first, that Holman appear on June 15 for sentencing and, second, that he must not get arrested again.
Holman failed to appear on June 15 and was arrested by narcotics officers on June 28th. In the apartment or condominium where Holman was arrested along with other people, the narcotics officers discovered marijuana, some syringes, a sawed-off shotgun, a revolver, and a derringer. When Holman appeared for sentencing, the court sentenced him to life imprisonment in the penitentiary. He presents to us now the issue of whether the court erred in denying his motion to withdraw his guilty plea.
A strikingly similar situation was presented in Blow v. State, 49 Ala.App. 623, 274 So.2d 652 (Ala.Cr.App.1973). There too, the appellant, charged with an illegal sale of narcotics, failed to appear for sentencing and when he did so was sentenced to a longer term of imprisonment than had been agreed upon in the sentencing agreement. The court noted the appellant’s failure to appear and further violations. In that case, Judge DeCarlo, speaking for this court, stated:
“Our respected brother on the trial bench was in error in his actions. After advising the appellant that he could not take the recommended plea, he should have afforded him an opportunity to withdraw it. Although the judge’s prior concurrence may have been conditional, the plea withdrawal was necessary to correct the broken bargain.”
The court is not obliged to accept a sentencing agreement arrived at by plea bargaining. However, if the court decides not to accept the agreement, the accused must be informed of the court’s determination, and then afforded an opportunity to *499 withdraw his guilty plea. English v. State, 56 Ala.App. 704, 325 So.2d 211 (Ala.Cr.App.1975).
Accordingly, the judgment must be reversed and this case remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TYSON and PATTERSON, JJ„ concur.
McMILLAN, J., dissents with opinion.
BOWEN, P.J., concurs with the dissent.