274 So.2d 652

**Dan BLOW, alias**

**v.**

**STATE.**

**3 Div. 192.**

Court of Criminal Appeals of Alabama.

March 13, 1973.

———◆———

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and James L. Hunt, Tuscumbia, Special Asst. Atty. Gen., for the State.

DeCARLO, Judge.

On November 17, 1971, Dan Blow pleaded guilty to a charge of illegal sale of narcotics. This plea was the result of an agreement with the District Attorney wherein the accused was to receive three years and a continuance until February for sentencing. The appellant failed to appear on the February date, and was sentenced to five years on June 12, 1972.

In sentencing the appellant, the judge acknowledged the three year agreement, but because of the appellant's failure to appear, and further violations, the three year recommendation was not accepted.

It is from this judgment the appellant appeals.

A similar question was before the United States Supreme Court in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, and Chief Justice Burger held that when a prosecutor makes a promise which plays a significant part in the plea decision, the promise must be kept. The case was remanded to the state court to decide whether circumstances required only that there be specific performance or whether defendant should be granted opportunity to withdraw his plea.

It is on the authority of this decision that we base our reversal.

Our respected brother on the trial bench was in error in his actions. After advising the appellant that he could not take the recommended plea he should have afforded him an opportunity to withdraw it. Although the judge's prior concurrence may have been conditional, the plea withdrawal was necessary to correct the broken bargain.

The disposition of criminal cases by negotiated pleas of guilty (plea bargaining) resolves the overwhelming majority of criminal matters in this country every year. Many agree and others disapprove, but the result is inescapable that plea negotiations have been with us a long time and are used universally.[1] This procedure has served the administration of criminal justice well, and any negotiations wherein two trained professionals submit their findings to a learned judge for his concurrence has a forthrightness and fairness deserving of enforcement.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

---

1. Arthur N. Bishop, "Broken Bargains," Journal of Urban Law, 50: 231–232, November, 1972.