The defendant was convicted on four city traffic violations in the Municipal Court of Enterprise. The charges were driving while intoxicated, reckless driving, running a red light and failing to yield to an officer's blue light. They are misdemeanors. The defendant appealed his convictions to the Circuit Court of Coffee County and pled guilty to three offenses (reckless driving, running a red light and failure to yield) and not guilty to the charge of driving while intoxicated.
On appeal it is argued that the guilty pleas were not voluntarily and intelligently entered because the trial judge did not accept the recommendation of the prosecutor as to punishment.
Before accepting the defendant's guilty pleas, the trial judge examined the defendant and informed him of the maximum and minimum punishments (sentences and fines) available in each case. A portion of that colloquy follows.
 "THE COURT: Have you been made any promises or given any assurances by anyone what punishment you would receive if your plea of guilt is accepted?
"THE DEFENDANT: No, sir.
 "THE COURT: Has anyone told you or promised or suggested to you that you would receive a lighter sentence or probation or any other favor to get you to say that you are guilty?
"THE DEFENDANT: No.
 "THE COURT: In the event there has been some discussions between you and your lawyer or either of you and the district attorney pertaining to a recommendation as to punishment in these cases, that is a recommendation only which the Court may or may not accept because the responsibility for fixing your punishment is with the Court alone. Do you understand that?
"THE DEFENDANT: Yes.
 "THE COURT: Any reason you know of, Mr. Jordan, why he should not plead guilty?
"MR. JORDAN (Defense Counsel): No, Your Honor.
 "THE COURT: Anything you want to ask me before I determine whether to accept your plea of guilty?
"THE DEFENDANT: No, sir."
The judge then accepted the defendant's pleas of guilty in the three cases.
The following then occurred:
 "THE COURT: Now, is there any reason you know of why the sentence of the law should not now be imposed upon you?
 "MR. JORDAN: Your Honor, at this time we would request that the sentence be delayed or postponed until the determination of the two felony cases against Mr. Griswold next week.
 "THE COURT: All right. Let me ask you this. Is there any reason why you know that the sentence of the law should not now be imposed against you?
 "THE DEFENDANT: Well, other than the criminal cases, no. *Page 1221 
 "THE COURT: All right. I will carry these over for sentencing until Monday at 9:00 o'clock.
"MR. JORDAN: Thank you, Your Honor."
On the day set for sentencing, the court asked the City if it had any recommendations. On the reckless driving case, the City recommended a fine of $150.00 and court costs. The court did not accept this recommendation and fined the defendant $500.00 and sentenced him to ninety days in jail. The court accepted the City's recommendation and dismissed the driving while intoxicated case. On the running a red light case, the City recommended a fine of $50.00 and court costs. The court did not accept this recommendation and fined the defendant $100.00 and sentenced him to ten days in jail. On the failure to yield charge, the City recommended a fine of $100.00 and court costs. Again, the court refused to accept the City's recommendation and fined the defendant $100.00 and sentenced him to ten days in jail.
Defense counsel filed a Motion to Vacate Judgment and a Motion to Set Aside Plea and Judgment which asserted that the defendant pled guilty "with the understanding and agreement that a fine alone in a lesser amount than that imposed would be the judgment of the court."
At the hearing on this motion the defendant presented evidence to show the involuntariness of the guilty pleas. The defendant himself did not testify at this hearing. Richard Whittaker, a City attorney, testified that he told Mark Jordan, the defendant's attorney, that he would make the recommendations that he in fact made if the defendant wished to plead guilty. Mr. Whittaker stated that prior to this he had never had a recommendation on a City case refused by the court and that he had made five to ten recommendations, "at the most", within the past three years. Mr. Whittaker initially made his recommendations to the court immediately before sentencing and first learned that these recommendations were not accepted when the court actually sentenced the defendant. The record shows that the prosecutor for the City made every recommendation he promised and fully complied with the plea bargain agreement.
Attorney Mark Jordan testified that he represented the defendant in the four cases. He stated that he "enter[ed] negotiations or discussions looking toward a settlement of those cases with Mr. Dick Whittaker." Attorney George E. Trawick represented the defendant on a related felony charge. Both Trawick and Jordan advised the defendant to plead guilty.
Jordan testified that it was his "understanding and belief that the sentence which would be imposed would be in keeping [with the] recommendation made by the City of Enterprise" and that in his three years of practicing law he never "had any experience of having the court reject any such agreement." He stated that he advised the defendant to plead guilty because of the City's recommendation and that when he did so he fully expected the court to impose punishment in accordance with the City's recommendation.
Under examination by the court, Jordan testified:
 "I told Mr. Griswold that the judge did not have to accept the plea but that it would be highly uncommon if he did not and in my three years of practice I have never seen the court not accept a plea — or accept a recommendation from the prosecutor or City Attorney on a City appeal.
 "THE COURT: So, you did advise him that the court did not have to take the recommendation. Okay.
"MR. JORDAN: Yes, sir."
Jordan further testified that he believed that the recommendation would be followed and that he conveyed this same belief to the defendant. He stated:
 "I assured him (the defendant) that it (plea bargaining) was legal and I told him — informed him that the Court ordinarily and customarily does take the recommendation of the City attorney or prosecuting attorney; I believe I told him that they did not necessarily have to."
* * * * * * *Page 1222 
 "I believe I told him that the Court was not bound to follow the recommendation."
Jordan testified that he believed that the defendant understood the statement that the court was not duty bound or legally bound to accept the recommendation, but Jordan also assured the defendant that the court always did. Jordan stated that the defendant expected to receive a sentence based on the recommendation of the City.
The due process concept in accepting a plea of guilty requires that the acceptance
 "must be attended by safeguards to insure what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).
However, unlike Santobello v. New York, 404 U.S. 257,92 S.Ct. 495, 30 L.Ed.2d 427 (1971), this is not a case of an unkept plea bargain. It is undisputed that the City attorney made his recommendations as requested. This is a case where the trial judge refused to grant all of the concessions or recommendations embodied in the plea bargain and further refused to permit the defendant to withdraw his guilty pleas. Annot., 66 A.L.R.3d 902 (1975). For this very reason this case must be reversed and remanded.
This result is dictated by the case of English v. State,56 Ala. App. 704, 708, 325 So.2d 211, 215, cert. denied, 295 Ala. 401, 325 So.2d 216 (1975), wherein this Court ruled:
 "Our holding today is not to be considered as binding the trial court to the agreement struck between the prosecutor and defense counsel. What we do hold is that if the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be afforded the opportunity to withdraw his guilty plea on motion promptly made, as was done in this case."
See Shepard v. State, 347 So.2d 1017 (Ala.Cr.App. 1977) (recognizing rule); Waldrop v. State, 54 Ala. App. 163,306 So.2d 29, cert. denied, 293 Ala. 777, 306 So.2d 33 (1974); Blowv. State, 49 Ala. App. 623, 274 So.2d 652 (1973). See also Gillv. State, 380 So.2d 1008 (Ala.Cr.App. 1980).
The fact that the defendant told the trial judge that there were no promises made to him by anyone as to what his sentence would be cannot be considered binding.
 "Santobello teaches us that a defendant's `no promises' declaration when he pleads guilty pursuant to `plea bargaining' is not inviolable. We agree that an `[E]xamination of the defendant alone will not always bring out into the open a promise that has induced his guilty plea. It is well known that a defendant will sometimes deny the existence of a bargain that has in fact occurred, * * * out of fear that a truthful response would jeopardize the bargain.' Walters v. Harris, 460 F.2d 988, 993 (4th Cir. 1972). It is within the sound discretion of the sentencing judge to determine whether the interest of justice will be served by accepting the prosecutor's recommendation. However, `the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances.' 404 U.S. p. 262, 92 S.Ct. p. 499." United States ex rel. Culbreath v. Rundle, 466 F.2d 730, 734 (3rd Cir. 1972).
The rule announced in English and here followed "eliminates the necessity of the often practiced charade of putting into the record the defendant's statement that he has not been promised anything in exchange for his plea of guilty, when everyone involved knows that a `deal' has been made." Alabama Rules of Criminal Procedure (Advisory Committee Draft) June 1, 1977, p. 192, Rule 14.3 (c); A.B.A. Standards for Criminal Justice, Standard on the Function of the Trial Judge, Rule 4.1. *Page 1223 
For the refusal of the trial judge to grant the defendant's timely request to withdraw his guilty plea, the judgment of the Circuit Court is reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.