TYSON, Judge.
The appellant was indicted for the offense of grand larceny being charged with the theft of three candles of the value of $15.00 from a Mobile, Alabama store. At arraignment the appellant pled not guilty. Thereafter, his retained counsel commenced negotiations with the district attorney’s office. Based upon negotiations and a recommendation of probation, the appellant changed his plea following a hearing at which his mother testified to certain mental problems that her son had had and for which he had been going to the Mobile Mental Health Center for treatment. The trial court accepted the appellant’s plea of guilty after ascertaining that the appellant did in fact remove three boxes containing decorative type candles valued at $15.00 from the store. The court then deferred sentencing until a pre-sentence report could be obtained.
At the sentencing hearing, the state recommended that the appellant be given a two year suspended sentence and placed on probation on the condition that he continue his psychiatric counseling at the Mobile Mental Health Center. (R. 13).
The cause was continued until the report was received, at which time the trial court stated that it was not going along with the recommendations because the appellant had other previous convictions of which the court was unaware at the time the plea was entered. From the record, pages 16-17:
“THE COURT: I have likewise looked at it and I am most distressed; this man has been on probation before, he’s been in the penitentiary before with the same types of charges. And I’m not going along with the recommendation.
“MR. BRUTKIEWITZ: Would you allow us to withdraw our guilty plea, Judge? We did so on the condition that the State would offer probation when we entered that guilty plea.
“THE COURT: No, I’m not going to allow the plea to be withdrawn. Do you have anything to present in the way of sentencing?
“Mr. BRUTKIEWITZ: No sir, nothing except the . ..
“THE COURT: I don’t think that the Court — I think the Court made it clear at the time that I was going to look at a pre-sentence investigation.
“Joe Louis Arnold, do you have anything to say as to why the sentence of law should not now be passed upon you?
“MR. BRUTKIEWITZ: Judge, for the record I would like for the District Attorney’s office to inform the Court of the plea bargained arrangement.
“THE COURT: Mr. Deen, my records reflect that you recommended a two year sentence suspended for three years.
“MR. DEEN: Yes, sir, that’s what the file shows. That was Ms. Patterson’s recommendation.
“THE COURT: The Court was unaware of these previous convictions when the plea was entered.
“The Court sentences you to serve a term of seven years in the State Penitentiary.
“MR. BRUTKIEWITZ: We’d like to file notice of appeal, Judge.
“THE COURT: Note your notice of appeal.
“MR. BRUTKIEWITZ: We’d like a bond set, Judge.
“THE COURT: The Court will set a bond at $7,000.00.”
From this judgment and sentence of seven years’ imprisonment, the appellant prosecutes this appeal.
I
The appellant contends that the trial court’s refusal to allow him to withdraw his guilty plea based upon his understanding *949 with the district attorney that he would receive a suspended sentence and placed on probation for three years is reversible error. We agree.
In Blow v. State, 49 Ala.App. 623, 274 So.2d 652 (1973), Judge DeCarlo writing for a unanimous court held:
“The disposition of criminal cases by negotiated pleas of guilty (plea bargaining) resolves the overwhelming majority of criminal matters in this country every year. Many agree and others disapprove, but the result is inescapable that plea negotiations have been with us a long time and are used universally. This procedure has served the administration of criminal justice well, and any negotiations wherein two trained professionals submit their findings to a learned judge for his concurrence has a forthrightness and fairness deserving of enforcement.”
In English v. State, 56 Ala.App. 704, 325 So.2d 211, cert. denied, 295 Ala. 401, 325 So.2d 216 (1975), Presiding Judge Harris, speaking for the court stated:
“In United States v. Brown, 500 F.2d 375, the Court of Appeals, Fourth Circuit, held that when a guilty plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.
“In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, the Supreme Court of the United States held that where the state failed to keep a commitment concerning a sentence recommendation on a guilty plea, the court would remand the case to the state court to decide whether the circumstances of the case required only that there be specific performance of the agreement on the guilty plea, or whether circumstances required that the defendant be granted an opportunity to withdraw his plea of guilty.”
The court went on to say:
“ . . . The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called ‘plea bargaining,’ is an essential component of the administration of justice. Properly administered, it is to be encouraged. If every criminal charge were subjected to a full-scale trial, the States and the Federal Government would need to multiply by many times the number of judges and court facilities.”
It is clear that appellant in this cause should have been given an opportunity to withdraw his plea of guilty inasmuch as he had done so based upon his understanding with the district attorney’s office and the recommendation of that office in this cause.
This cause is reversed and remanded with the proceedings below to commence with a new arraignment on the indictment in this cause. See Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Cr.App.1980).
REVERSED AND REMANDED.
All the Judges concur.