HARRIS, Judge.
Andrew A. Alston pleaded guilty to, and was adjudged guilty of, four counts of third-degree burglary. The trial court, after a thorough sentencing hearing, sentenced the appellant to six years’ imprisonment for each crime, but ordered that those identified as cases CC 82-1134FL and CC 82-1136FL be served concurrently with each other, and that those identified as cases CC 83-201FL and CC 83-202FL be served concurrently with each other but consecutive to the other two sentences. The result was a total consecutive term of twelve years’ imprisonment. The trial court further noted that it hoped the appellant could be assigned to the Frank Lee Youth Center. The trial court also ordered the appellant to pay restitution and court costs.
Contrary to appellant’s assertions, this cause is not due to be reversed due to the failure of the trial court to warn him, before accepting his guilty pleas, of the possibility that his sentences might be ordered to run consecutively. The trial court’s failure to inform a defendant of the possibility of consecutive sentences does not vitiate the voluntariness of his guilty pleas. Sheehan v. State, 411 So.2d 824 (Ala.Crim.App.1981); Hopper v. State, 420 *265 So.2d 853 (Ala.Crim.App.1982). Moreover, because the appellant bargained for a recommendation by the state of concurrent sentences, it is apparent that he was aware of the possibility of consecutive sentences.
Nevertheless, this cause must be reversed for another reason. As one of the inducements for appellant’s four guilty pleas, the State agreed to recommend, and did recommend, six year sentences to be served concurrently. The trial court did not follow this recommendation. Instead, the trial court sentenced the appellant to a combination of concurrent and consecutive six year sentences which resulted in a total consecutive term of twelve years, rather than the six years recommended by the State. Afterwards, the trial court would not permit the appellant to withdraw his guilty pleas. On the authority of Griswold v. City of Enterprise, 384 So.2d 1219 (Ala. Crim.App.1980); Clark v. State, 408 So.2d 168 (Ala.Crim.App.1981), cert. denied, 408 So.2d 168 (Ala.1982); and Arnold v. State, 409 So.2d 947 (Ala.Crim.App.1981), this refusal to permit the appellant to withdraw his guilty pleas after the trial court had refused to follow the bargained for sentencing recommendations by the State constitutes reversible error. See, English v. State, 56 Ala.App. 704, 325 So.2d 211, cert. denied, 295 Ala. 401, 325 So.2d 216 (1976), and cases therein cited.
For the reason noted, this cause must be reversed and remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.