We granted the State of Alabama's petition for certiorari in this case to determine whether the trial judge erred in denying Robert Holman's motion to withdraw his guilty plea. The Court of Criminal Appeals held that he did and reversed,486 So.2d 497. The facts, as set out in its opinion, are as follows:
 "Robert Holman was charged with selling drugs in violation of the Alabama Uniform Controlled Substances Act. His attorney, Mr. David Luker, negotiated a plea bargain with Deputy District Attorney Rod Nelson. The sentencing agreement was that upon a plea of guilty, Holman would receive a sentence of fifteen years' imprisonment in this case, to run concurrent with a fifteen year sentence he had already received upon a plea of guilty in another case. In addition, a third case, pending before the Jefferson County grand jury, was to be dismissed or nol-prossed by the deputy district attorney.
 "The terms of the plea bargain appear to be undisputed. Holman was enrolled in a drug rehabilitation program at the time that he pleaded guilty and the court agreed to defer his sentencing from that date, March 20, 1984, until June 15, 1984, so that Holman might complete his drug rehabilitation program and get his affairs in order before going to prison. On March 20, the court informed Holman that it was imposing some additional conditions upon the sentencing agreement. The additional conditions imposed were, first, that Holman appear on June 15 for sentencing and, second, that he must not get arrested again.
 "Holman failed to appear on June 15 and was arrested by narcotics officers on June 28th. In the apartment or condominium where Holman was arrested along with other people, the narcotics officers discovered marijuana, some syringes, a sawed-off shotgun, a revolver, and a derringer. When Holman appeared for sentencing, the court sentenced him to life imprisonment in the penitentiary. . . ."
The record reveals that the following exchange occurred between Holman and the trial judge on March 20, 1984:
 "THE COURT: Okay. As I understand it, Robert, you are to take a fifteen year plea on this 83-2319. That is, you are going to plead guilty today; right?
"MR. HOLMAN: Yes, sir.
 "THE COURT: At your lawyer's request, I am going to defer sentencing over to June the 15th.
"MR. HOLMAN: Yes, sir.
 "THE COURT: When you come in here at 9:00 a.m. on June the 15th, if you have not picked up any new cases and if you timely appear, come in on time, you will lock into a fifteen year minimum sentence on this case. The other case, the search warrant case, will be dismissed.
"MR. HOLMAN: Yes, sir.
 "THE COURT: If you fail to appear on June the 15th, or if you get arrested *Page 502 again, I reserve the option to sentence you up to life in the penitentiary.
"MR. HOLMAN: Yes.
 "THE COURT: And the other case, the search warrant case will be dismissed.
"MR. HOLMAN: Okay.
"THE COURT: Do we understand each other?
"MR. HOLMAN: Yes, sir.
 "THE COURT: We are giving you the opportunity to get your affairs in order, go to the hospital, whatever it is you want to do.
"MR. HOLMAN: Yes, sir.
 "THE COURT: But I am extracting from you or I am giving you a very large inducement to behave yourself and to come in appropriately in June.
"MR. HOLMAN: Yes, sir.
 "THE COURT: Do you understand what will happen if you get arrested again?
"MR. HOLMAN: Yes, sir.
 "THE COURT: What? When we catch up with you, what is going to happen?
 "MR. HOLMAN: I have the other charge and when the sentence —
"THE REPORTER: Judge, I am sorry, I can't hear.
 "THE COURT: The fifteen years will be off and I could give you up to life, right?
"MR. HOLMAN: Yes, sir.
"THE COURT: Okay. Does that express the agreement?
 "MR. LUKER: Nearly. The case he is pleading to is fifteen to run cc [sic] with the case that is on appeal.
 "THE COURT: Yes. 82-1181. I have written it down. You are going to dismiss your appeal on that case?
"MR. HOLMAN: Yes, sir.
 "THE COURT: This will run cc [sic]. I wrote it down, Dave, I forgot to mention it.
 "MR. LUKER: And any cases that may be pending before the Grand Jury or that may be made, Rod has said that they would not make any new cases at this point.
 "THE COURT: All right. So, your net sentence is fifteen years, when you come in in June. Now, if these narcotic officers tell me that you are active in narcotics, between now and then, all deals are off.
"MR. HOLMAN: Yes, sir.
 "THE COURT: And you have already copped out and you can't take it back. And I could nail your hide for life, okay?
"MR. HOLMAN: Yes, sir.
". . . .
 "THE COURT: I would think that if you behave yourself appropriately, that it would go well for you. It would go worse for you if you didn't behave. How old are you now?
"MR. HOLMAN: Fifty-four.
 "THE COURT: Fifty-four. I don't know how long you would be down there. I know you would be down there a long time on a life sentence, consecutive with the other case. So, you have every incentive to come in and bite the bullet on this thing and get it over with, okay?
". . . .
 "THE COURT: Okay. Well, do you plead guilty, Robert, to selling drugs?
"MR. HOLMAN: Yes, sir.
 "THE COURT: On your plea I sentence you to fifteen years — excuse me, I accept your plea of guilty and find you guilty. And I will defer or put off sentence until June the 15th.
"MR. HOLMAN: Yes, sir.
 "THE COURT: Under the stipulations that we have already gone over, all right?
"MR. HOLMAN: Yes, sir.
 "THE COURT: I am going to put you up on this calendar and we will be looking for you.
"MR. HOLMAN: I will be here."
(Emphasis added.)
The Court of Criminal Appeals, relying upon the authority ofBlow v. State, 49 Ala. App. 623, 274 So.2d 652 (Ala.Crim.App. 1973), and English v. State, 56 Ala. App. 704, *Page 503 325 So.2d 211 (Ala.Crim.App. 1975), cert. denied 295 Ala. 401, 325 So.2d 216 (Ala. 1976), determined that the trial judge refused to carry out the terms of the plea bargaining agreement and, that, as a result, Holman was entitled to withdraw his guilty plea. We disagree and reverse and remand.
Whether or not a defendant should be allowed to withdraw his guilty plea is a matter within the sound discretion of the trial judge. His refusal to allow such a request will not be disturbed except where an abuse of that discretion is demonstrated. Tiner v. State, 421 So.2d 1369 (Ala.Crim.App. 1982) (citing Boykin v. State, 361 So.2d 1158 (Ala.Crim.App. 1978).) The mere subjective beliefs or expectations of a defendant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set aside a guilty plea as unknowingly or involuntarily made. Tiner v. State,supra. The fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea. Chapman v. State,412 So.2d 1276 (Ala.Crim.App. 1982).
Although it is undisputed that an agreement was reached between Holman's counsel and the prosecutor, which provided for a recommendation of a sentence of 15 years in exchange for a guilty plea, it is apparent from the previously cited portion of the record that Holman's guilty plea was made without objection to, and with full knowledge of, the added conditions set out by the trial judge. Because Blow v. State, supra, andEnglish v. State, supra, are distinguishable from the instant case, the reliance of the Court of Criminal Appeals on those cases is misplaced. In Blow, the trial judge accepted a guilty plea based upon the district attorney's recommendation that the judge sentence the defendant to three years. The sentencing hearing was continued, but the defendant failed to appear on the later date. The trial judge rejected the recommendation and sentenced the defendant to five years.
In Blow, the Court of Criminal Appeals relied on the authority of Santobello v. New York, 404 U.S. 257,92 S.Ct. 495, 30 L.Ed.2d 427 (1971), which held that when a prosecutor makes a promise which plays a significant part in the plea decision, the promise must be kept. In Blow, the court stated: "After advising the appellant that he could not take the recommended plea [the judge] should have afforded him an opportunity to withdraw it. Although the judge's prior concurrence may have been conditional, the plea withdrawal was necessary to correct the broken bargain." 49 Ala. at 624,274 So.2d at 652.
In the present case, unlike in Blow, the plea agreement, as amended by the trial judge, specifically contemplated the defendant's further violations; therefore, the trial judge sentenced Holman pursuant to the agreement. In Blow, upon the defendant's failure to appear and his commission of further violations, the trial judge rejected the agreement, which did not specifically contemplate the defendant's failure to appear or his further violations.
Likewise, in English v. State, supra, the court held that "if the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be afforded the opportunity to withdraw his guilty plea on motion promptly made." 56 Ala. App. at 708, 325 So.2d at 215. That case is distinguishable because the trial judge, in the present case, did not refuse to carry out the amended plea agreement. To the contrary, he sentenced Holman pursuant to it.
The purpose of the rule allowing a defendant to withdraw a guilty plea when the trial judge refuses to carry out an agreement reached between the prosecutor (or the trial judge) and defense counsel is to insure that such a plea is made voluntarily, which necessarily requires that it be made with full knowledge of the attendant consequences. *Page 504 
We hold, under the facts in this case, that the trial judge did not abuse his discretion in denying Holman's motion to withdraw his guilty plea. To hold otherwise would enable the defendant either to demand a lesser sentence that had been predicated upon a condition he failed to meet, or to withdraw a plea knowingly and voluntarily entered. This would set a dangerous precedent. Therefore, the judgment of the Court of Criminal Appeals is reversed and the cause remanded for entry of judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.