We granted certiorari in this case to consider whether the petitioner was entitled to withdraw his guilty pleas.
The petition and the attached Rule 39 (k), Ala.R.App.P., statement of facts indicate, and the record confirms, that the petitioner was indicted in Etowah County on two counts of assault in the first degree and one count of assault in the second degree. He pleaded guilty to all three charges in the Circuit Court of Etowah County.
Roy McCord, counsel for the petitioner at the time the pleas were entered, testified that it is the practice of the district attorney's office in Etowah County not to engage in plea bargaining. Rather, lawyers who are considering the possibility of a guilty plea for their clients discuss the case with the trial judge to obtain "some sort of indication of what to expect." He further testified that he discussed the charges with the petitioner and then "told the judge what my client had told me about his prior record and asked the judge what we could expect if we entered a guilty plea with that prior record." He continued, "The judge indicated to me that he would consider at that time a sentence from, I think he said, anywhere from four to seven years and that he would be a good candidate for a split sentence. I then went back and told my client what the judge told me about the split sentence. I believe that it would be split down to a year and it would, of course, be served in the county jail." He also testified that he understood the remainder of the sentence would be served in the form of probation. The petitioner agreed to plead guilty to all three charges. A sentencing hearing was then set for a later date.
It is disputed in the record as to whether the petitioner intentionally or by a miscommunication, misled the trial judge, through Mr. McCord, as to the actual status of his criminal record. However, at the sentencing hearing, the trial judge learned of other criminal convictions from a presentence investigation report and, thereafter, sentenced the petitioner to ten years on each charge with the sentences to run concurrently. The petitioner moved, unsuccessfully, for permission to withdraw his guilty pleas. The Court of Criminal Appeals affirmed, issuing no opinion, and overruled his application for rehearing.
The petitioner contends that the trial judge's "indication" to him that he would receive a split sentence with probation was a material inducement to his pleas of guilty. He argues that once the trial judge determined that he could not sentence him accordingly, he should have been afforded the opportunity to withdraw his pleas. We agree.
In Griswold v. City of Enterprise, 384 So.2d 1219
(Ala.Cr.App. 1980), the court stated:
 "This result is dictated by the case of English v. State, 56 Ala. App. 704, 708, 325 So.2d 211, 215, cert. denied, 295 Ala. 401, 325 So.2d 216 (1975), wherein this Court ruled:
 "`Our holding today is not to be considered as binding the trial court to the agreement struck between the prosecutor and defense counsel. What we do hold is that if the trial court decides not to carry out the agreement reached *Page 1364 
between the prosecutor and counsel for the accused, the accused must be afforded the opportunity to withdraw this guilty plea on motion promptly made, as was done in this case.'
 See Shepard v. State, 347 So.2d 1017
(Ala.Cr.App. 1977) (recognizing rule); Waldrop v. State, 54 Ala. App. 163, 306 So.2d 29, cert. denied, 293 Ala. 777, 306 So.2d 33 (1974); Blow v. State, 49 Ala. App. 623, 274 So.2d 652 (1973). See also Gill v. State, 380 So.2d 1008 (Ala.Cr.App. 1980)."
It does not appear from our review of the record that the trial judge, in this case, entered into a specific plea agreement with Mr. McCord. However, the local practice, in Etowah County, of the trial judge conferring personally with defense counsel regarding plea arrangements or "indications" should certainly "be attended by safeguards to insure the defendant what is reasonably due in the circumstances."Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495,30 L.Ed.2d 427 (1971). In Santobello, the Court noted that those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor (or, as in this case, the trial judge), sothat it can be said to be part of the inducement orconsideration, such promise or agreement must be fulfilled.
This case does not appear to be distinguishable from Blow v.State, 49 Ala. App. 623, 274 So.2d 652 (1973). In that case, the trial judge accepted the defendant's guilty plea and agreed to sentence him to three years in the penitentiary. Sentencing was continued and the defendant failed to appear at the subsequent hearing. The trial judge refused to carry out the agreement reached between the prosecutor and defense counsel and sentenced the defendant to five years, refusing to allow a withdrawal of the plea. The Court of Criminal Appeals reversed, stating:
 "Our respected brother on the trial bench was in error in his actions. After advising the appellant that he could not take the recommended plea he should have afforded him an opportunity to withdraw it. Although the judge's prior concurrence may have been conditional, the plea withdrawal was necessary to correct the broken bargain." 49 Ala. App. at 624, 274 So.2d at 652.
In that case, the trial judge's refusal to carry through with the agreed upon sentence was prompted by the apparent intentional act of the defendant in failing to appear at the sentencing hearing. Assuming the worst in the present case, the petitioner intentionally misled the trial judge during the plea negotiations as to the actual status of his criminal record. Although, as in Blow, the trial judge's previous "indication" of sentence may have been conditional, once that "indication" was repudiated, the petitioner should have been afforded the opportunity to withdraw his pleas.
When the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made. The law should not be different when the trial judge deals directly with defense counsel.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the cause remanded with instructions for that court to remand the cause to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur. *Page 1365