Appellant, Cindi Leigh Brown, was indicted for the offense of unlawful possession of "Restoril capsules containing temazepam, a controlled substance" in violation of § 20-2-70, Code of Alabama 1975. Prior to the trial date, appellant and the district attorney entered into negotiations for a plea bargain agreement. On February 27, 1986, a plea agreement was reached whereby the State agreed to recommend, upon appellant's plea of guilty, a sentence of "three (3) years, upon the recommendation of the State of Probation, upon condition that Defendant undergo professional mental health counseling during the probation" plus $250 restitution and costs.
Appellant's guilty plea was accepted by the court on February 27, 1986, at which time the court informed appellant:
 "THE COURT: Upon the condition that she undergo counseling during her probation. She needs to understand that that is not something that I would assure her. That would depend entirely upon a probation report, whether or not the probation officer and I eventually — whether I felt you could respond to probation. Do you understand that?
"THE DEFENDANT: Yes."
The sentence hearing was held March 31, 1986, at which time the court declined to grant probation. In denying probation, the court stated:
 "On the application for probation, this is your third matter — at least of this import of obtaining narcotics by fraud or deceit. Probation revoked over in Georgia because of this apparently. I considered that and I considered the recommendation, but quite frankly, I can't make that kind of exception. I don't feel you would respond to the probation officer over here. You did not respond in Georgia and I cannot take that kind of position in this case. I'm going to deny the application for probation."
Defense counsel immediately requested that appellant be allowed to withdraw her guilty plea. The court denied appellant's motion on the basis of his having informed appellant during the guilty plea proceeding that he was not bound by the recommendation of the State. On April 1, 1986, appellant filed a formal motion to vacate the judgment of the trial court, or to allow appellant to withdraw her guilty plea. This motion was denied. We reverse.
In English v. State, 56 Ala. App. 704, 708, 325 So.2d 211, 215
(1975), cert. denied, 295 Ala. 401, 325 So.2d 216 (1976), it was held:
 "If the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be offered the opportunity to withdraw his guilty plea on motion promptly made, as was done in this case."
See also Griswold v. City of Enterprise, 384 So.2d 1219
(Ala.Cr.App. 1980); Alston v. State, 455 So.2d 264 (Ala.Cr.App. 1984). Most recently, the Alabama Supreme Court reaffirmed this proposition in Otinger v. State, 493 So.2d 1362 (Ala. 1986), wherein it was stated:
 "Although, as in Blow [v. State, 49 Ala. App. 623, 274 So.2d 652 (1973)], the trial judge's previous indication of sentence may have been conditioned, once that `indication' was repudiated, the petitioner should have been afforded the opportunity to withdraw his pleas."
In the instant case, the trial court denied appellant's motions to withdraw her guilty plea on the basis of his conditional acceptance of the plea. The authority of Otinger
and Blow dictate that this was error. The State does not argue to the contrary. Appellant should have been allowed to withdraw her guilty plea upon timely motion; and timely motions were made.
Based on the foregoing, this case is due to be, and it is hereby, reversed and remanded to the circuit court for further *Page 731 
proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.