Jerome Taylor pleaded guilty to unlawful distribution of a controlled substance and was subsequently sentenced to life imprisonment. He now appeals, arguing that the trial court erred by rejecting his plea agreement and in denying his timely motion to withdraw the plea. We agree.
Taylor pleaded guilty on August 24, 1994, pursuant to a plea agreement. The record shows that Taylor's plea agreement did not recommend a specific sentence. However, it stated that the habitual felony offender act would not apply, and that his sentence would range from two to 20 years' imprisonment — as prescribed by statute. Twice, Taylor failed to appear for sentencing: on October 13, 1994, and again on June 29, 1995. He was ultimately arrested under a capias warrant and appeared for sentencing on September 7, 1995. During the hearing, the following colloquy ensued:
 "THE COURT: . . . . There was a plea agreement in [CC-94-1341], and because of [Taylor's] own actions in failing to appear at sentencing and eventually being arrested sometime in July of '95 about a year later, because of his failure to participate, the Court rejected the plea bargain for sentencing purposes, and the Court is going to deny your request to withdraw your guilty plea in that case.
 Do you have anything to say before the sentence of law is pronounced against you, Mr. [Taylor]?
 "THE DEFENDANT: Yes, I would. I would like to withdraw that plea based upon the plea agreement that we had. If they are not going to stick with the plea agreement, I would like to withdraw that plea, sir.
 "THE COURT: Mr. [Taylor], you understand it is not that they are not sticking with it. It is that the Court is not approving it because of the fact you did not keep your end of the bargain. You are the only one responsible for this plea bargain not going through. It is you and the state, not the Court; you. Do you understand?"
(Emphasis added.) For the reasons stated, the trial court expressly rejected the plea agreement's recommended sentencing range, and sentenced Taylor to life imprisonment as a habitual felony offender.[1] The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant's timely motion to withdraw the plea. English v.State, 56 Ala. App. 704, 325 So.2d 211 (1975), cert. denied,295 Ala. 401, 325 So.2d 216 (1976).
In State v. Holman, 486 So.2d 500 (Ala. 1986), the appellant pleaded guilty pursuant to a plea agreement, but failed to appear at the sentencing hearing. Because he failed to appear, the trial court refused to sentence him according to the prosecutor's recommendation. Based upon the specific facts of that case, the Alabama Supreme Court held that the trial court's sentence had not violated the plea agreement.
The state argues that Holman controls, because the trial court's rejection of Taylor's plea agreement was the result of Taylor's own failure to appear at his sentencing hearing.Holman, however, is distinguishable from this case. In Holman, the trial court accepted the plea agreement on the following express condition: "If you fail to appear [at the sentencing hearing]. . . . I reserve the option to sentence you up to life in the penitentiary." 486 So.2d at 501-02. On appeal, the Alabama Supreme Court interpreted this statement to be an amendment to the plea agreement. Thus, the Holman court held that when that appellant failed to appear at the sentencing hearing, he was sentenced to life in accordance with the plea agreement, as amended by the condition added by the trial court.
In this case, Taylor's plea agreement contained no such condition, and the trial court made no oral amendments to the agreement. Taylor abided by the terms of the plea agreement. The appellant in Holman did not. *Page 1286 
Therefore, Holman is not applicable to the facts in this case.
On the authority of English, we hold that the trial court erred by refusing to allow Taylor to withdraw his plea. Accordingly, the trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] The Ireland form is included in the record and states that the habitual felony offender act is not applicable. Contrary to this statement, the trial court sentenced Taylor to life imprisonment as a habitual felony offender. Arguably, these facts support Taylor's contention that his guilty plea was not entered knowingly, intelligently, and voluntarily; however, we decline to rule on this issue, having found reversible error elsewhere.