ON APPLICATION FOR REHEARING
This court's opinion of January 17, 1997, is withdrawn and the following is substituted therefor. *Page 830 
On June 10, 1996, the appellant, Kenny Earl Wallace, entered a plea of guilty to two counts of first degree robbery in the Pike County Circuit Court and was sentenced to serve twenty years in prison on each count. The sentences were to be served concurrently. On July 3, 1996, the trial court received a letter from the appellant, which it apparently interpreted to be a notice of appeal. On July 10, 1996, trial counsel filed a motion to withdraw the guilty pleas. The trial court set the motion for a hearing on September 3, 1996. On July 31, 1996, trial counsel filed a motion to withdraw as counsel in this court, which we granted on August 6, 1996. On August 22, 1996, the trial court entered an order appointing appellate counsel and cancelling the hearing on the motion to withdraw the guilty pleas, stating that the motion was "moot by virtue of Defendant's appeal."
A motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial. Wilson v. State,659 So.2d 152 (Ala.Cr.App. 1994), cert. denied, ___ U.S. ___,116 S.Ct. 151, 133 L.Ed.2d 96 (1995); Rose v. State, 598 So.2d 1040
(Ala.Cr.App.). In criminal cases, the trial court has jurisdiction over a motion for a new trial if it is filed within 30 days after the entry of the judgment or sentence even if a notice of appeal is also filed, regardless of the order in which the motion and notice of appeal are filed. Walker v.State, 652 So.2d 198 (Ala. 1994); Ala. Code 1975, § 12-22-133; Rule 4(b)(1), Ala.R.App.P; and Rule 24, Ala.R.Crim.P. Therefore, the appellant's motion to withdraw his guilty pleas was timely filed and, even though notice of appeal had been given prior to its filing, the trial court retained jurisdiction to consider the motion. Therefore, the trial court erred in ruling that the notice of appeal rendered the motion to withdraw the guilty pleas moot. This cause is remanded to the trial court with instructions to conduct a hearing and issue a ruling on the appellant's motion to withdraw his guilty pleas. Appellate counsel is directed to represent the appellant at the hearing. Due return should be made to this court within 60 days of the date of the release of this opinion.
OPINION WITHDRAWN; OPINION SUBSTITUTED; REMANDED WITH INSTRUCTIONS; APPLICATION FOR REHEARING GRANTED; RULE 39(k) MOTION GRANTED.*
All Judges concur.
* Note from the reporter of decisions: On July 3, 1997, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.