866 So.2d 594 (2002)
Gerald Ladon NELSON
v.
STATE of Alabama.
CR-01-1515.
Court of Criminal Appeals of Alabama.
November 22, 2002.
Rehearing Denied January 24, 2003.
David K. Hogg, Dothan, for appellant.
William H. Pryor, Jr., atty. gen., and J. Thomas Leverette, asst. atty. gen., for appellee.
SHAW, Judge.
On February 11, 2002, Gerald Ladon Nelson entered a guilty plea pursuant to a plea agreement with the State to first-degree rape, a violation of § 13A-6-61, Ala.Code 1975. After accepting his guilty plea, the trial court sentenced Nelson to 15 years' imprisonment and scheduled a probation hearing for April 4, 2002. On February 26, 2002, Nelson moved to withdraw his guilty plea, making the following arguments:
"1. [Nelson] pleaded guilty based on a recommendation from the State that he would be placed on probation.
"2. The Court has not abided by this agreement and placed him on probation within 30 days after sentencing. It is necessary for [Nelson] to file this Motion to Withdraw his Guilty Plea to preserve his right to appeal this decision if the Court, in fact, does not place him on probation at the probation hearing."
(C. 8.) On March 5, 2002, the trial court denied this motion, stating:
"State cannot guarantee [Nelson] that he will be placed on probation. [Nelson's] attorney knows that and [Nelson] knew that when he pled guilty. Court never agreed to place [Nelson] on probation within 30 days. [Nelson] knew probation hearing would not be held within 30 days at time of plea. Motion denied."
(C. 3.) On April 4, 2002, the trial court denied Nelson's request to be placed on probation. On April 10, 2002, Nelson filed a notice of appeal.[1]
*595 On appeal, Nelson relies on Brown v. State, 495 So.2d 729 (Ala.Crim.App. 1986), to support his contention that the trial court abused its discretion when it refused to allow him to withdraw his guilty plea. In Brown, 495 So.2d at 730, this Court stated:
"On February 27, 1986, a plea agreement was reached whereby the State agreed to recommend, upon appellant's plea of guilty, a sentence of `three (3) years, upon the recommendation of the State of Probation, upon condition that Defendant undergo professional mental health counseling during the probation' plus $250 restitution and costs.
"Appellant's guilty plea was accepted by the court on February 27, 1986, at which time the court informed appellant:
"`THE COURT: Upon the condition that she undergo counseling during her probation. She needs to understand that that is not something that I would assure her. That would depend entirely upon a probation report, whether or not the probation officer and I eventuallywhether I felt you could respond to probation. Do you understand that?
"`THE DEFENDANT: Yes.'
"The sentence hearing was held March 31, 1986, at which time the court declined to grant probation....
"`....'
"Defense counsel immediately requested that appellant be allowed to withdraw her guilty plea. The court denied appellant's motion on the basis of his having informed appellant during the guilty plea proceeding that he was not bound by the recommendation of the State. On April 1, 1986, appellant filed a formal motion to vacate the judgment of the trial court, or to allow appellant to withdraw her guilty plea. This motion was denied. We reverse.
"In English v. State, 56 Ala.App. 704, 708, 325 So.2d 211, 215 (1975), cert. denied, 295 Ala. 401, 325 So.2d 216 (1976), it was held:
"`If the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be offered the opportunity to withdraw his guilty plea on motion promptly made, as was done in this case.'
"... Most recently, the Alabama Supreme Court reaffirmed this proposition in Otinger v. State, 493 So.2d 1362 (Ala. 1986), wherein it was stated:
"`Although, as in Blow [v. State, 49 Ala.App. 623, 274 So.2d 652 (1973) ], the trial judge's previous indication of sentence may have been conditioned, once that "indication" was repudiated, the petitioner should have been afforded the opportunity to withdraw his pleas.'
"In the instant case, the trial court denied appellant's motions to withdraw her guilty plea on the basis of his conditional acceptance of the plea. The authority of Otinger and Blow dictate that this was error. The State does not argue to the contrary. Appellant should have been allowed to withdraw her guilty plea upon timely motion; and timely motions were made."
The State, relying on State v. Holman, 486 So.2d 500 (Ala.1986), argues that Nelson's contention that the trial court abused its discretion when it refused to allow him to withdraw his guilty plea is meritless. In Holman, 486 So.2d at 502-03, the Alabama Supreme Court stated:

*596 "The Court of Criminal Appeals, relying upon the authority of Blow v. State, 49 Ala.App. 623, 274 So.2d 652 (Ala. Crim.App.1973), and English v. State, 56 Ala.App. 704, 325 So.2d 211 (Ala.Crim. App.1975), cert. denied [,] 295 Ala. 401, 325 So.2d 216 (Ala.1976), determined that the trial judge refused to carry out the terms of the plea bargaining agreement and, that, as a result, Holman was entitled to withdraw his guilty plea. We disagree and reverse and remand.
"Whether or not a defendant should be allowed to withdraw his guilty plea is a matter within the sound discretion of the trial judge. His refusal to allow such a request will not be disturbed except where an abuse of that discretion is demonstrated. Tiner v. State, 421 So.2d 1369 (Ala.Crim.App.1982) (citing Boykin v. State, 361 So.2d 1158 (Ala. Crim.App.1978).) The mere subjective beliefs or expectations of a defendant as to the length of sentence to be imposed, unsupported by any promise from the State or indications by the court, are insufficient and unavailing to set aside a guilty plea as unknowingly or involuntarily made. Tiner v. State, supra. The fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea. Chapman v. State, 412 So.2d 1276 (Ala.Crim.App.1982).
"Although it is undisputed that an agreement was reached between Holman's counsel and the prosecutor, which provided for a recommendation of a sentence of 15 years in exchange for a guilty plea, it is apparent from the previously cited portion of the record that Holman's guilty plea was made without objection to, and with full knowledge of, the added conditions set out by the trial judge. ...
"....
"The purpose of the rule allowing a defendant to withdraw a guilty plea when the trial judge refuses to carry out an agreement reached between the prosecutor (or the trial judge) and defense counsel is to insure that such a plea is made voluntarily, which necessarily requires that it be made with full knowledge of the attendant consequences."
In its brief, the State argues:
"Nelson's reliance on Brown v. State, 495 So.2d 729 (Ala.Crim.App.1986) is misplaced because Brown is distinguishable to this case on the facts. In Brown, the guilty plea was conditioned upon the grant or denial of the probation under the terms of the plea agreement. That agreement was not amended, as was the case here and in the Holman case. The trial court in this case did not abuse its discretion because it did not refuse to carry out the terms of the amended plea agreement. Nelson entered his guilty plea `with full knowledge of the attendant consequences.' Holman, 486 So.2d at 503."
(State's brief at p. 9.) However, we disagree with the State's argument. During the guilty-plea proceeding in Holman, the following exchange occurred:
"`THE COURT: Okay. As I understand it, Robert, you are to take a fifteen year plea on this 83-2319. That is, you are going to plead guilty today; right?
"`MR. HOLMAN: Yes, sir.
"`THE COURT: At your lawyer's request, I am going to defer sentencing over to June the 15th.
"`MR. HOLMAN: Yes, sir.
"`THE COURT: When you come in here at 9:00 a.m. on June the 15th, if you have not picked up any new cases and if you timely appear, come in on *597 time, you will lock into a fifteen year minimum sentence on this case. The other case, the search warrant case, will be dismissed.
"`MR. HOLMAN: Yes, sir.
"`THE COURT: If you fail to appear on June the 15th, or if you get arrested again, I reserve the option to sentence you up to life in the penitentiary.
"`MR. HOLMAN: Yes.
"`....
"`THE COURT: Okay. Well, do you plead guilty, Robert, to selling drugs?
"`MR. HOLMAN: Yes, sir.
"`THE COURT: On your plea I sentence you to fifteen yearsexcuse me, I accept your plea of guilty and find you guilty. And I will defer or put off sentence until June the 15th.
"`MR. HOLMAN: Yes, sir.
"`THE COURT: Under the stipulations that we have already gone over, all right?
"`MR. HOLMAN: Yes, sir.'"
Holman, 486 So.2d at 501-02. The Alabama Supreme Court specifically noted in Holman, 486 So.2d at 503, that "the trial judge, in the present case, did not refuse to carry out the amended plea agreement. To the contrary, he sentenced Holman pursuant to it."
In Taylor v. State, 677 So.2d 1284, 1285 (Ala.Crim.App.1996), this Court discussed Holman as follows:
"The state argues that Holman controls.... Holman, however, is distinguishable from this case. In Holman, the trial court accepted the plea agreement on the following express condition: `If you fail to appear [at the sentencing hearing] .... I reserve the option to sentence you up to life in the penitentiary.' 486 So.2d at 501-02. On appeal, the Alabama Supreme Court interpreted this statement to be an amendment to the plea agreement. Thus, the Holman court held that when that appellant failed to appear at the sentencing hearing, he was sentenced to life in accordance with the plea agreement, as amended by the condition added by the trial court."
(Emphasis added.)
In the present case, the following occurred during the February 11, 2002, guilty-plea proceeding:
"THE COURT: Has anybody threatened you or coerced you or harassed you in any way to get you to plead guilty?
"[NELSON]: No, sir.
"THE COURT: Has anybody promised you anything, offered you any reward or any inducement of any kind whatsoever to get you to plead guilty?
"[NELSON]: Just probation, sir.
"THE COURT: Well, I mean, they can't promise you probation.
"[NELSON'S ATTORNEY]: He just understands that it was going to be recommended as part of the plea bargain.
"THE COURT: You understand that the State is recommending a certain number of years and that they may recommend probation, but I'm not bound to go by it? You understand that?
"[NELSON]: Yes, sir.
"THE COURT: You understand that?
"[NELSON]: Yes, sir.
"THE COURT: So let me ask you again, has anybody promised you anything, offered you any reward or any inducement to get you to plead guilty?
"[NELSON]: No, sir.
"THE COURT: Now, you understand the State can recommend a sentence and they can recommend probation, but there's nothing that binds me to go by that recommendation?
"[NELSON]: Right.

*598 "THE COURT: You understand that?
"[NELSON]: Yes, sir.
"THE COURT: And with that, you still want to interpose a plea of guilty knowing that?
"[NELSON]: Yes, sir."
(Supp.Record, R. 8-9.) It is clear from the above-quoted colloquy that Nelson entered a guilty plea based on the State's agreement that it would recommend probation, which it did. Although the trial court advised Nelson during the guilty-plea proceeding that it was not bound by the State's recommendation of probation, it did not add any additional conditions to the plea agreement as the trial court did in Holman.
Thus, the present case is not a situation, like Holman, where the trial court sentenced the defendant "in accordance with the plea agreement, as amended by the condition added by the trial court." Taylor, 677 So.2d at 1285. Instead, the present case is a situation, like Taylor and Brown, where the trial court did not abide by the terms of the plea agreement. See also Alston v. State, 455 So.2d 264, 265 (Ala.Crim.App.1984), wherein this Court stated:
"Nevertheless, this cause must be reversed for another reason. As one of the inducements for appellant's four guilty pleas, the State agreed to recommend, and did recommend, six year sentences to be served concurrently. The trial court did not follow this recommendation. Instead, the trial court sentenced the appellant to a combination of concurrent and consecutive six year sentences which resulted in a total consecutive term of twelve years, rather than the six years recommended by the State. Afterwards, the trial court would not permit the appellant to withdraw his guilty pleas. On the authority of Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Crim.App.1980); Clark v. State, 408 So.2d 168 (Ala.Crim.App. 1981), cert. denied, 408 So.2d 168 (Ala. 1982); and Arnold v. State, 409 So.2d 947 (Ala.Crim.App.1981), this refusal to permit the appellant to withdraw his guilty pleas after the trial court had refused to follow the bargained for sentencing recommendations by the State constitutes reversible error. See, English v. State, 56 Ala.App. 704, 325 So.2d 211, cert. denied, 295 Ala. 401, 325 So.2d 216 (1976), and cases therein cited."
Consequently, we find that Nelson should have been allowed to withdraw his guilty plea. See Taylor, 677 So.2d at 1285; Brown, 495 So.2d 729; cases collected at 12 Ala. Digest 2d Criminal Law § 274(3.1) (1994); and Rule 14.3, Ala.R.Crim.P.
In light of the foregoing, the trial court's judgment is reversed and this case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur. WISE, J., dissents, with opinion.
WISE, Judge, dissenting.
I dissent from the majority opinion reversing the appellant's conviction and remanding this case to the Houston Circuit Court for that court to allow Nelson to withdraw his guilty plea. In my opinion, the trial court did not abuse its discretion in denying Nelson's motion to withdraw his guilty plea. Like the trial court whose decision to deny a motion to withdraw a guilty plea the Supreme Court upheld in State v. Holman, 486 So.2d 500 (Ala.1986), the trial court in this case did not refuse to carry out the plea agreement. Here, the plea agreement provided for a sentence of 15 years' imprisonment, with a provision that the prosecution would recommend *599 that Nelson receive probation. During the plea colloquy, the trial court questioned Nelson at length regarding his understanding of the plea agreement, to ensure that Nelson understood the prosecution's recommendation that he receive probation was no guarantee that the court would place him on probation. Nelson indicated that he understood this condition, and he pleaded guilty to first-degree rape.[2] The trial court sentenced Nelson to 15 years' imprisonmentas called for by the plea agreementand postponed a decision on Nelson's probation request. At the probation hearing, the court denied Nelson's probation request.
I recognize that previous decisions of this Court, including Brown v. State, supra, relied upon by the majority, stand for the proposition that a defendant should be allowed to withdraw his plea if the trial court does not follow the prosecution's recommendation of probation. In effect, such a requirement deprives the court of the discretion it has traditionally enjoyed in deciding whether to grant a request for probation. Additionally, such a holding limits the court's ability to impose a sentence that reflects the severity of the crime. For this reason, I believe that this Court should revisit our holding in Brown v. State, supra, and other cases that hold that a trial court's refusal to follow the prosecution's recommendation of probation constitutes grounds for withdrawal of a guilty plea. Accordingly, I must dissent.
NOTES
[1] On this same date, Nelson filed a second motion to withdraw his guilty plea. However, this motion was not timely and thus could not be considered. "A motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial." Wallace v. State, 701 So.2d 829, 830 (Ala.Crim.App.1997). "A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced." Rule 24.1(b), Ala.R.Crim.P.
[2] The factual basis for this plea revealed that Nelson, who was 39 years old at the time of this incident, supplied a 16-year-old girl with alcoholic beverages, took her to a motel room, and had sexual intercourse with her against her will. Although circumstances not appearing in the record may have warranted a recommendation of probation, I find it difficult to understand such a recommendation.