KELLUM, Judge,
concurring specially.
I agree that this case must be remanded to the Montgomery Circuit Court to allow Thadduess Darnell Jones the opportunity to prove the claim in his Rule 32, Ala. R.Crim. P., petition for postconviction relief that his guilty plea was involuntary. Specifically, Jones alleged in his petition, among other things, that he had pleaded guilty pursuant to a plea agreement with the State in which the State agreed to recommend 20-year sentences for each of his convictions, but that the trial court did not sentence him to 20 years’ imprisonment for each conviction in accordance with that agreement. That claim is, as the majority concludes, sufficiently pleaded, is not precluded, and is meritorious on its face. Therefore, Jones is entitled to an opportunity to prove that claim. See, e.g., Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App.2001) (“Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.”).
I write specially only to clarify what I believe is the confusion inherent in the last paragraph of the main opinion. This Court remands this case with “instructions that Jones be given the opportunity to prove his claim that both the State and the trial court agreed to a 20-year sentence in *384 exchange for his guilty plea,” but then states that Jones is not required “to prove that the trial court entered into any type of agreement in order to be entitled to relief.” 214 So.3d at 383 (emphasis added). In my opinion, these two statements are contradictory. Therefore, I believe that this Court should provide some additional guidance to the circuit court on remand.
This Court’s opinion should not be read as placing a burden on Jones to prove that he had any type of agreement with the trial court, in addition to the agreement he said he had with the State. Rather, that statement in our opinion is simply a reflection of the allegations Jones made in his petition and the attachments to that petition. Jones alleged in his petition and attachments not only that he had pleaded guilty pursuant to an agreement with the State, but also that the trial court had agreed to sentence him to 20 years’ imprisonment for each of his convictions in accordance with that agreement. However, under Alabama law, an allegation that the trial court had agreed to sentence in accordance with a plea agreement is not necessary to establish a right to relief when the trial court does not sentence in accordance with the agreement.
In Alabama, a trial court’s “refusal to permit [a defendant] to withdraw his guilty pleas after the trial court ha[s] refused to follow the bargained for sentencing recommendations by the State constitutes reversible error.” Alston v. State, 455 So.2d 264, 265 (Ala.Crim.App.1984), superseded by rule on other grounds as stated in Bozeman v. State, 686 So.2d 556 (Ala.Crim.App.1996). This Court has repeatedly held that when a defendant enters into a plea agreement with the State in which the State agrees to recommend a certain sentence and the trial court does not sentence the defendant in accordance with the agreed-upon recommendation, the defendant must be allowed to withdraw his or her plea, even if the State fulfilled its end of the agreement by making the appropriate recommendation and even if the defendant has been advised by the trial court that it was not bound by the State’s recommendation. See, e.g., Andrews v. State, 12 So.3d 728 (Ala.Crim.App.2009) (holding that the defendant was allowed to withdraw plea where the defendant had entered into a plea agreement with the State in which the State agreed to recommend a sentence of five years’ imprisonment split to serve two years in confinement followed by probation but the trial court rejected the recommendation and sentenced the defendant to 15 years’ imprisonment, even though the defendant had been advised and understood before he entered his plea that the trial court was not bound by the State’s recommendation); Nelson v. State, 866 So.2d 594 (Ala.Crim.App.2002) (holding that the defendant was allowed to withdraw his plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend probation but the trial court rejected the State’s recommendation and denied probation, even though the defendant was advised and understood before he entered his plea that the trial court was not bound by the recommendation of the State); Brown v. State, 776 So.2d 216 (Ala.Crim.App.2000) (holding that the defendant was allowed to withdraw plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend a sentence of 15 years’ imprisonment but the trial court rejected the recommended sentence and sentenced the defendant to 25 years’ imprisonment, even though the defendant was advised and understood before he entered his plea that the trial court was not bound by the recommendation of the State); Moore v. State, 719 So.2d 269 (Ala.Crim.App.1998) *385 (holding that the defendant was allowed to withdraw plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend a sentence of four years’ imprisonment and plea agreement did not mention split sentence, and the trial court sentenced the defendant to four years’ imprisonment but split the sentence and ordered the defendant to serve three years in confinement, thus depriving the defendant of the opportunity to earn correctional incentive time); Griffin v. State, 740 So.2d 1141 (Ala.Crim.App.1998) (same as Moore); Clark v. State, 655 So.2d 49 (Ala.Crim.App.1994), on return to remand, 655 So.2d 50 (Ala.Crim.App.1995) (holding that the defendant was allowed to withdraw plea where the defendant entered into plea agreement with the State in which the State agreed to recommend a sentence of three years’ imprisonment but the trial court rejected the State’s recommendation and sentenced the defendant to eight years’ imprisonment); Edwards v. State, 581 So.2d 1260 (Ala.Crim.App.), on return to remand, 586 So.2d 1008 (Ala.Crim.App.1991) (holding that the defendant was allowed to withdraw plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend a sentence of 10 years’ imprisonment but the trial court rejected the State’s recommendation and sentenced the defendant to 30 years’ imprisonment); Bland v. State, 565 So.2d 1240 (Ala.Crim.App.1990) (holding that the defendant was allowed to withdraw plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend a sentence of 15 years’ imprisonment, split to serve one year in confinement followed by probation and to run coterminously with another sentence the defendant was then serving, but the trial court rejected the recommended sentence and sentenced the defendant to 15 years’ imprisonment split to serve one year in confinement followed by probation with the one-year-confinement portion to run consecutively to the sentence the defendant was currently serving); Brown v. State, 495 So.2d 729 (Ala.Crim.App.1986) (holding that the defendant was allowed to withdraw plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend a sentence of three years’ probation but the trial court rejected the recommendation and denied the defendant’s request for probation, even though the defendant was advised and understood before she entered her plea that the trial court was not bound by the recommendation of the State); Alston, supra (holding that the defendant was allowed to withdraw plea where the defendant entered into a plea agreement with the State in which the State agreed to recommend that he be sentenced to six years’ imprisonment for all of his convictions and that all of his sentences were to run concurrently but the trial court rejected the State’s recommendation and, although it sentenced the defendant to six years’ imprisonment for each conviction, it ordered a combination of concurrent and consecutive sentences); and Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Crim.App.1980) (holding that the defendant was allowed to withdraw pleas where the defendant entered into plea agreement with the State in which the State agreed to recommend only fines and the trial court rejected the recommendation and sentenced the defendant to a jail term for each conviction in addition to fines).
Therefore, under established precedent, to be entitled to relief on remand, Jones is required to prove only that his pleas were the result of a plea agreement with the State in which the State agreed to recommend a 20-year sentence for each of his convictions and that he did not receive a *386 20-year sentence for each conviction. If Jones proves those two things, the circuit court should grant Jones relief from his convictions and sentences on remand.
JOINER, J., concurs.