PATTERSON, Judge.
Appellant, Raymond L. McCoy, pleaded guilty to the offense of third degree burglary and was sentenced to a term of fifteen years in the penitentiary. The court further ordered the “sentence to run concurrent with any sentences now imposed against defendant in the State of Florida.” Appellant filed a petition for writ of error coram nobis, seeking to invalidate his guilty plea on the ground that the State has failed to comply with the provisions of a plea agreement. The petition was denied by the trial court without an evidentiary hearing.
The record reveals the following: On March 4, 1983, appellant pleaded guilty to the charge of first degree arson, in the State of Florida, and was sentenced to a term of thirty years’ imprisonment and placed on probation. Appellant left the State of Florida and came to Alabama, where he committed the offense upon which the guilty plea in the instant case is predicated. Florida authorities have advised the Alabama Department of Corrections that they are “holding an active probation violation warrant” for appellant and have inquired as to when he will be available for further action.
Appellant asserts that he entered into his guilty plea upon the condition that he be returned to Florida where the instant sentence was to run concurrently with “any sentence now imposed against defendant in the State of Florida.” Appellant has not been transferred to the Florida authorities. He contends that the State’s failure to transfer or return him to Florida is a breach of the plea bargain agreement.
There is no written plea agreement contained in the record. However, there is sufficient evidence in the record from which we can infer that the State and appellant entered into some type of oral plea agreement. The State, in response to appellant’s petition, demoninated as “RESPONSE AND MOTION TO DISMISS,” acknowledges that the “agreement provided that the petitioner would receive a 15 year sentence to run concurrently with any sentence that defendant had in Florida.” *101 The State further “disclaimed any understanding that defendant would in fact serve a sentence in Florida.” Appellant has offered, as further evidence of his understanding of the plea agreement, a letter from his attorney, Jerry W. Jackson, in which Mr. Jackson wrote, as follows:
“I was a little bit surprised to see that you have been transferred to West Jefferson. So far as I know, you are not serving time in Alabama for any offense, so I find it rather strange that they have already put you in the prison system.
“If you can find out why you are in the prison system, I would appreciate your letting me know.
“In any event, I will contact the District Attorney to see what we can work out in relation to your case.”
Additionally, we observe that the court records indicate that the sentence is to run concurrently with “any sentence” appellant is subject to in Florida.
Appellant is on probation from his Florida sentence, and the probation has not been revoked. In order to serve the Alabama and Florida sentences concurrently, appellant would have to be returned to Florida for revocation of his probation and reinstitution of his Florida sentence. Otherwise, he would have to serve his fifteen-year Alabama sentence and, then, be returned to Florida for probation revocation and service of his thirty-year sentence, thus, gaining nothing from the order that the sentences be served concurrently. It seems to us that his return to Florida would, of necessity, be a material part of the consideration of the agreement; otherwise, appellant would gain nothing from the order that the sentences would be served concurrently, and that portion of the trial judge’s order would be meaningless.
While the district attorney “disclaims” any understanding that appellant would be transferred to Florida, where he would serve his Alabama sentence concurrently with “any” Florida sentence, we can conceive of no other reasonable interpretation of the sentencing order.
When a guilty plea “rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.” Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). See also Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Cr.App.1980). It appears to us that the petition is meritorious on its face and should not have been dismissed without an evidentiary hearing to determine if, in fact, a plea agreement was entered into in which appellant was to be returned to Florida where he was to serve the Alabama sentence concurrently with the Florida sentence. The judgment of the trial court dismissing the coram nobis petition is, therefore, reversed, and this case is remanded with directions that appellant be granted a hearing on the merits of his petition.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.