BASCHAB, Judge.
The appellant, Tremane Carthen, pled guilty to first-degree assault, a violation of § 13A-6-20(a)(3), Ala.Code 1975. The trial court sentenced him to serve a term of fifteen years in prison. The appellant filed a motion to withdraw his guilty plea, which the trial court denied by stating, “[S]aid Motion is DENIED in that this Court is without jurisdiction because more than 30 days have elapsed since date of sentence.” (S.R.4.) The appellant filed a motion to vacate the order denying his motion to withdraw his guilty plea, asserting that he had timely filed the motion, and the trial court summarily denied the motion. This appeal followed.
The appellant argues that the trial court improperly denied his motion to withdraw his guilty plea as untimely filed. “A motion to withdraw a guilty plea is the functional equivalent of a motion for a new trial.” Wallace v. State, 701 So.2d 829, 830 (Ala.Crim.App.1997). “A motion for a new trial must be filed no later than thirty (30) days after sentence is pronounced.” Rule 24.1(b), Ala. R.Crim. P. Finally, with regard to computation of time, Rule 1.3(a), *9 Ala. R.Crim. P., provides, in pertinent part:
“In computing any period of time of more than twenty-four (24) hours prescribed by these rules, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included, unless that day is a Saturday, Sunday, legal holiday, or day on which the appropriate clerk’s office is closed pursuant to Rule 5(B) or (C), Alabama Rules of Judicial Administration (A.R.J.A.), in which case the period shall run until the end of the next day which is not a Saturday, Sunday, or a legal holiday, or a day on which the clerk’s office is closed pursuant to Rule 5(B) or (C), A.R.J.A-As used in this rule, ‘legal holiday’ includes New Years Day, Washington’s Birthday, Memorial Day, Independence Day, Labor Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or as prescribed in Ala.Code 1975, § 1-3-8.”
(Emphasis added.)
The trial court sentenced the appellant on January 17, 2002, and the appellant filed his motion to withdraw his guilty plea on February 19, 2002. The thirtieth day after the trial court sentenced the appellant was February 16, 2002—a Saturday, and the following Monday, February 18, 2002, was Washington’s Birthday—a legal holiday. When the appellant filed his motion on the day after the legal holiday, his motion was timely, and the trial court retained jurisdiction to rule on the motion. Therefore, the trial court improperly concluded that it did not have jurisdiction to rule on the appellant’s motion to withdraw his guilty plea.
Accordingly, we remand this case to the trial court with instructions that that court rule on the appellant’s motion to withdraw his guilty plea. On remand, the trial court may require the State to respond specifically to the motion, may conduct an evi-dentiary hearing on the motion, and may grant any relief it deems necessary. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the trial court’s order and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.[1]
REMANDED WITH INSTRUCTIONS. 
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. Because of our disposition of this issue, we pretermit discussion at this time of the remaining issues the appellant raises in his brief to this court.