I dissent from the majority opinion reversing the appellant's conviction and remanding this case to the Houston Circuit Court for that court to allow Nelson to withdraw his guilty plea. In my opinion, the trial court did not abuse its discretion in denying Nelson's motion to withdraw his guilty plea. Like the trial court whose decision to deny a motion to withdraw a guilty plea the Supreme Court upheld in State v.Holman, 486 So.2d 500 (Ala. 1986), the trial court in this case did not refuse to carry out the plea agreement. Here, the plea agreement provided for a sentence of 15 years' imprisonment, with a provision that the prosecution would recommend *Page 599 
that Nelson receive probation. During the plea colloquy, the trial court questioned Nelson at length regarding his understanding of the plea agreement, to ensure that Nelson understood the prosecution's recommendation that he receive probation was no guarantee that the court would place him on probation. Nelson indicated that he understood this condition, and he pleaded guilty to first-degree rape.[2] The trial court sentenced Nelson to 15 years' imprisonment — as called for by the plea agreement — and postponed a decision on Nelson's probation request. At the probation hearing, the court denied Nelson's probation request.
I recognize that previous decisions of this Court, including Brown v.State, supra, relied upon by the majority, stand for the proposition that a defendant should be allowed to withdraw his plea if the trial court does not follow the prosecution's recommendation of probation. In effect, such a requirement deprives the court of the discretion it has traditionally enjoyed in deciding whether to grant a request for probation. Additionally, such a holding limits the court's ability to impose a sentence that reflects the severity of the crime. For this reason, I believe that this Court should revisit our holding in Brown v.State, supra, and other cases that hold that a trial court's refusal to follow the prosecution's recommendation of probation constitutes grounds for withdrawal of a guilty plea. Accordingly, I must dissent.
[2] The factual basis for this plea revealed that Nelson, who was 39 years old at the time of this incident, supplied a 16-year-old girl with alcoholic beverages, took her to a motel room, and had sexual intercourse with her against her will. Although circumstances not appearing in the record may have warranted a recommendation of probation, I find it difficult to understand such a recommendation.