MOORE, Chief Justice
(dissenting).
I respectfully dissent from the denial of the petition for the writ of certiorari in this case. I believe Justice Harwood argues compellingly in his dissenting opinion that the State has shown that the Court of Criminal Appeals’ opinion conflicts with our decision in State v. Holman, 486 So.2d 500 (Ala.1986), and that the petition should be granted. I write to emphasize the danger in the precedent set by the Court of Criminal Appeals, which in holding that Nelson should be allowed to withdraw his guilty plea stated that the trial court “did not abide by the terms of the plea agreement.” Nelson v. State, 866 So.2d 594, 598 (Ala.Crim.App.2002).
The plea colloquy, set forth in Justice Harwood’s dissent, makes it clear that the trial court expressly and repeatedly explained to Nelson that the court was not bound by the prosecution’s recommendation of probation. Each time, Nelson unequivocally indicated that he understood the nature of the plea agreement. Nelson subsequently entered his guilty plea.
The agreement was that the State would recommend probation, which it did; the trial court was not bound by that recommendation, a fact that Nelson acknowledged during the colloquy. The State met its part of the agreement by recommending probation; Nelson met his part by knowingly and voluntarily entering a guilty plea. “The fact that a defendant who has knowingly and intelligently pleaded guilty later becomes dissatisfied with the sentence he received does not, alone, constitute a ground for invalidating the guilty plea.” Holman, 486 So.2d at 503. The trial court’s decision to deny Nelson probation was not contrary to the plea agreement — it was entirely consistent with it.
Probation is a key element in virtually every plea agreement. Upon a determination of a defendant’s guilt by a plea of guilty, Rule 26.3, Ala. R.Crim. P., allows a court to order a presentence report detailing factors to be considered at sentencing. The Court of Criminal Appeals’ opinion would either force the trial court to abide by the State’s recommendation, rendering any presentence report useless, or allow a defendant to withdraw a guilty plea on the basis of an unfavorable presentence report. The artificial delays and false starts that the defendant may unilaterally wreak on the criminal justice system will result in prejudicial delays of witness testimony, spoliation of evidence, and additional expenditures of judicial and prosecutorial time and energy. The linchpin of the system will be removed.
More importantly, the opinion of the Court of Criminal Appeals, allowed to stand by this Court’s denial of certiorari review, strips trial courts of their authority to rely upon the expressed understanding of a defendant in guilty-plea proceedings and shackles the courts in nearly every plea agreement. Disappointed pleaders may now retroactively render their guilty pleas nonvoluntary and withdraw them, on the convenient ground that they did not get what the State indicated in a plea agreement it would recommend. Why quibble about the terms of a plea agreement and therefore whether the terms were actually met? What the judge told the defendant and what the defendant told the judge matters not, because the “mere subjective beliefs or expectations of a defendant” will now control. Holman, 486 So.2d at 503.