LYONS, Justice
(concurring specially).
I concur in denying the State’s petition for a writ of certiorari. I write specially to explain why I believe granting the petition would be inappropriate under the circumstances of this case.
The State, in its petition for the writ of certiorari, elected to rely entirely on the contention that State v. Holman, 486 So.2d 500 (Ala.1986), controlled and that the opinion of the Court of Criminal Appeals in this case conflicts with Holman. I agree with the Court of Criminal Appeals’ holding, quoted in Justice Harwood’s thoughtful dissent, 866 So.2d at 608, that Holman is distinguishable.
Judge Wise, in her dissenting opinion to the Court of Criminal Appeals’ opinion, expressed the view that Holman governed and then candidly stated, “I recognize that previous decisions of this Court, including Brown v. State, [495 So.2d 729 (Ala.Crim.App.1986)], relied upon by the majority, stand for the proposition that a defendant should be allowed to withdraw his plea if the trial court does not follow the prosecution’s recommendation of probation.” Nelson v. State, 866 So.2d 594, 599 (Ala.Crim.App.2002). Judge Wise then expressed her dissatisfaction with the result in Brorm, stating that she believed “that this Court should revisit our holding in Brown v. State, supra, and other eases that hold that a trial court’s refusal to follow the prosecution’s recommendation of probation constitutes grounds for withdrawal of a guilty plea.” 866 So.2d at 599. However, Brown is not-simply the holding of the Court of Criminal Appeals; it cites this Court’s decision in Otinger v. State, 493 So.2d 1362 (Ala.1986), as recent authority controlling -the result reached in Brown.
In his dissenting opinion, Justice Har-wood describes Brown as follows:
“Unfortunately, the sense of that statement [by the Court of Criminal Appeals in English v. State, 56 Ala.App. 704, 325 So.2d 211 (1975), to the effect that if the trial court decides not to carry out an agreement reached between the prosecutor and counsel for the accused, the accused must be afforded the opportunity to withdraw his guilty plea on a properly made motion] has been expanded in some subsequent court decisions to mean, at least in Brown v. State, supra, that a defendant who has pleaded guilty pursuant to a plea bargain in which the State commits that it will recommend probation, but as to which the trial court clearly informs the defendant that it will not be bound by the recommendation, is entitled to withdraw the guilty plea even though the recommendation is forthcoming, if the trial court declines to follow it and denies probation.”
866 So.2d at 605.
The majority opinion by the Court of Criminal Appeals quotes from that portion of Brown stating its reliance upon this Court’s opinion in Otinger. Nevertheless, the State’s petition for certiorari review to this Court did not rely upon Rule 39(a)(1)(E) (“the petitioner seeks to have overruled controlling Alabama Supreme Court eases that were followed in the decision of the court of appeals”). Had we been asked to overrule Otinger, I would have voted to require a response from the *601 defendant so that we could pursue further the issues discussed in Justice Harwood’s dissenting opinion.