380 So.2d 1008 (1980)
James Linwood GILL
v.
STATE.
6 Div. 145.
Court of Criminal Appeals of Alabama.
January 22, 1980.
Rehearing Denied February 26, 1980.
*1009 James L. O'Kelley, Birmingham, for appellant.
Charles A. Graddick, Atty. Gen., J. Thomas Leverette, Asst. Atty. Gen., for appellee.
BOWEN, Judge.
The defendant pled guilty to an indictment for grand larceny and was sentenced to eight years' imprisonment. The property involved twelve cases of cigarettes valued at $2,520.00 belonging to the Southern Railway Company. The defendant contends that his guilty plea was involuntary because it was improperly induced in that appointed counsel promised him a three year sentence if he would plead guilty and did not inform him of a plea bargain offer of five years.
The record affirmatively shows that the guilty plea was "intelligent and voluntary" and made in full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). With regard to the alleged inducements and plea bargain, the pertinent portions of the record are set out.
"THE COURT: Has anybody promised to reward you or any member of your family or anybody else to get you to say that you are guilty?
"THE DEFENDANT: No, sir.
"THE COURT: Now, your lawyer and the District Attorney have been talking about the settlement of this case. Your lawyer has talked to you about the settlement of the case. You have agreed to a certain settlement that's been recommended to me. I just want to make sure you understand what sentence is going to be pronounced. You just tell me what your understanding is so I'll make sure you know before I sentence you.
"THE DEFENDANT: My understanding is that I was going to find out what the sentence is now. I wasn't told nothing.
"THE COURT: All right. Have you talked to him at all, Mr. Hoover?
"DEFENSE COUNSEL: Yes, sir. And I have explained what the offer was.
"THE COURT: I don't know what any offer is and I don't want to know. I would much rather you do it. If you don't want to do it on agreement, I'll pronounce the sentence if that's the way you want it done, but I'm telling you I'm going to look at the record and see what record you've got."
* * * * * *
"THE COURT: All right. Mr. Gill, you want me to sentence?
"THE DEFENDANT: Yes, sir.
"THE COURT: All right. Give me the record.
"ASSISTANT DISTRICT ATTORNEY: Judge, I would like the record to reflect that an offer was conveyed to Mr. Hoover by the District Attorney's office, but the option was left to the Defendant as to whether he wanted the recommendation made or no recommendation made.
"THE COURT: And he wants no recommendation made?
"DEFENSE COUNSEL: Yes, sir."
Before accepting the guilty plea and sentencing the defendant, the judge further stated that he wanted "everyone to understand that it's (sentencing) left to me".
A hearing was held on the involuntariness issue and the defendant was represented by appointed counsel different from that attorney who represented the defendant when the guilty plea was entered.
The State made two offers to the defendant; one for ten years, the other for five years. Defense counsel testified at the hearing and stated that he communicated both of these offers to the defendant who found them unacceptable. He specifically denied promising anything to the defendant to entice him to plead guilty.
At the end of the hearing the judge overruled the defendant's motion finding "not one scintilla as a basis of fact or anything to urge this motion". At this hearing the only evidence supporting the defendant's allegations was his own testimony and that of his wife. This was directly contradicted by the testimony of appointed counsel and the record of the proceedings when the defendant entered the guilty plea. This conflict in the testimony was properly resolved by the judge.
*1010 It appears that the defendant's sole reason for pleading guilty was his belief that he would receive a "lighter" sentence than if tried by a jury. The record supports the finding of the circuit judge that the evidence does not show that the defendant was misled by the allegations of his attorney. "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not `within the range of competence demanded of attorneys in criminal cases'." Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973), quoting from McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).
This case is not within the perimeter of Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The governing rule is stated in Brady v. United States, 397 U.S. 742, 757, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747 (1970).
"The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action."
This Court would be remiss if it did not note the fact that this was not the first experience the defendant had in pleading guilty. In 1972, the defendant plead guilty to four grand larceny cases; in 1975, to six burglary and grand larceny cases; and also in 1975, to another burglary charge. Considering all the relevant circumstances surrounding the defendant's guilty plea, Brady, 397 U.S. at 749, 90 S.Ct. at 1469, we find that it was intelligently and voluntarily entered. The defendant's dissatisfaction with his sentence cannot invalidate his admission of guilt and consent to judgment of conviction.
We have searched the record for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.

ON REHEARING
BOWEN, Judge.
On rehearing the defendant argues the case of United States v. Mancusi, 275 F.Supp. 508 (E.D.N.Y.1967), for the proposition that if the defendant was under a serious misapprehension that some promise of leniency had been made then his guilty plea must be held to have been involuntary even though no promise had in fact been made. In Mancusi, the court found that the defendant was denied his constitutional rights to representation and to appeal. The court did not find that the guilty plea was involuntary.
We are in accord with the principles set out in Mancusi read in their proper context. However, at the defendant's hearing there was a direct conflict between his testimony and that of his attorney. It was for the trial judge to resolve this conflict. The burden of establishing the invalidity of the plea is on the defendant. Mancusi, 275 F.Supp. at 520. While "a guilty plea induced by a mistaken belief that a binding plea agreement had been made is invalid even if it is the defendant's own attorney who is responsible for the defendant's mistaken belief", this defendant did not establish any such mistaken belief by a preponderance of the evidence. Mancusi, 275 F.Supp. 508 (1967). Those coercive elements and defects in the cases cited on rehearing are simply not present here.
In this case the trial judge's examination of the defendant at the time the guilty plea was entered more closely resembles the "penetrating and comprehensive" examination required rather than the perfunctory one actually performed in United States v. Lester, 247 F.2d 496 (2nd Cir. 1957). Here there were no coercive or misleading remarks made by the trial judge in fact, he told the defendant exactly what *1011 he was going to consider. There was no agreement by the State that it would drop any charges or take any action if the defendant pled guilty. United States v. Tateo, 214 F.Supp. 560 (S.D.N.Y.1963).
After another thorough review of the entire record in this case, we are convinced that the trial judge, in seeking to determine the voluntary nature of the guilty plea, considered "the cumulative impact upon the defendant of `[t]he totality of all the surrounding circumstances'", Mancusi, 275 F.Supp. at 517, and properly determined that the plea was voluntary.
The judgment of the Circuit Court stands affirmed. The application for rehearing is overruled.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
All Judges concur.