435 So.2d 182 (1983)
Willie James ORR
v.
STATE.
8 Div. 792.
Court of Criminal Appeals of Alabama.
May 3, 1983.
Rehearing Denied May 31, 1983.
Certiorari Denied July 29, 1983.
J. Thomas Conwell, Jr., of Conwell & Conwell, Huntsville, for appellant.
Charles A. Graddick, Atty. Gen., and William D. Little, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 82-859.
TYSON, Judge.
Willie James Orr was indicted for the murder of his wife, Otis Dean Orr, in violation of § 13A-6-2(a)(2), Code of Alabama 1975. At arraignment, appellant entered pleas of "not guilty by reason of insanity, *183 not guilty, and also not guilty by the result of a sudden heat of passion...." (R. 9) On the day of trial, appellant withdrew the above pleas and pled guilty to the instant offense. The record reflects full compliance with the guidelines announced in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and proper execution of an Ireland form. Subsequent thereto, appellant was sentenced to life imprisonment. From that conviction he now appeals in forma pauperis.

I
Appellant contends that the State breached a plea agreement by, contrary to the agreement, recommending a sentence to the trial court. We quote from the record:
"THE COURT: Mr. Gardner, as the State's representative, do you have anything you wish to say at this time?
"MR. GARDNER: Judge, it was my agreement with Mr. Conwell at the time that he entered the plea and that Mr. Orr entered his plea that I would make no recommendation with regard to the length of the punishment to be imposed in the state penitentiary. I have supplied the State probation-parole officer, Howard Bolling, with everything I have from my file and believe that his report to the Court summarizes the feelings of the State of Alabama.

. . . . .
"MR. CONWELL: Your Honor, the only possibility I could state would be that, under the plea agreement, there was to be no statements made from the State under English vs. State as stated by Mr. Gardner. And I would plead that case if Mr. Orr decided to change his mind at a later date.
"English vs. State stands for the fact that, in the event a plea agreement is not kept at the time of sentencing, at some later time it can be withdrawn.
"THE COURT: Well, as I understand Mr. Gardner's statement, the State agreed not to recommend any specific term of imprisonment or punishment in this case.
"MR. GARDNER: I have not to this date, sir.
"THE COURT: Is that your understanding of the agreement that you had with Mr. Gardner?
"MR. CONWELL: Well, just that we could present what we wanted to and he would stand mute on anything else.
"THE COURT: Stand mute as to
"MR. GARDNER: as far as the term of years to be imposed in the sentence.
"I agreed with Mr. Conwell that he could supply the Court with any material that he wanted on the matter of sentencing; I would not object to any of it; and that I would not at any time go to you and express my feelings to you about the case.
"I have simply supplied everything I have to the State probation-parole officer, and I don't feel like at this time I'm making any recommendation on the matter of punishment at all.
"MR. CONWELL: Your Honor, I'm just stating it for the record.
"THE COURT: Well, I would say that Mr. Gardner has not stated anything that I think is of any great consequence in my own decision making, because I have reviewed this file, which is lengthy, and had some firm feelings about the case before we began today." (Emphasis added) (R. 35-37).
The plea agreement between appellant and the State was not reduced to a written document, although no significance should be placed upon such. See Ex Parte Yarber, 437 So.2d 1330 (Ala.1983). It was an oral agreement which, from the statements of the defense counsel and the assistant district attorney, reduced to the following: In exchange for appellant's plea of guilty, (1) appellant could present, at the sentencing hearing, any testimony to mitigate the severity of the crime and possible punishment without objection by the State, and (2) the State would make no specific recommendation to the trial court with regard to the term of imprisonment to be imposed.
*184 Appellant makes no contention as to any violation of the first part of the agreement. The record fully exhibits the State's full compliance therewith. Further, appellant does not contend that the State, through a direct statement, expressly violated the second portion of the agreement. Rather, he asserts that the above emphasized comments of the State indirectly breached the agreement. We disagree.
In its order denying appellant's motion for withdrawal of his guilty plea, the trial court specifically found that "the statements made by ... [the] Assistant District Attorney at the time of sentencing were perceived by the Court as amounting to nothing more than a rebuttal by the Assistant District Attorney of derogatory statements about the character of the deceased which were made by defense counsel." (R. 94) The above referred to comments by defense counsel were made during his presentation of mitigating evidence and plea to the trial court for leniency and mercy for appellant. We have carefully reviewed defense counsel's colloquy and have compared it with the information found in the presentence report. We find several instances where defense counsel made statements which conflicted with that stated in the presentence report.
We agree with the finding of the trial court that the above emphasized statements of the State did not breach the plea agreement. The record fully supports the factual determination of the trial court. We do not agree with appellant's expansive interpretation of the State's comments that they should be understood as supporting the sentence recommendation made by the probation officer. The trial court was in a better position to assess and evaluate the statements of both parties as well as their demeanor and presentation of such. From our examination of the record, we find no reason or cause for questioning the trial court's findings and ruling on appellant's motion.
English v. State, 56 Ala.App. 704, 325 So.2d 211 (1975), cert. denied, 295 Ala. 401, 325 So.2d 216 (1976)[1], stands for the proposition that if there is a plea agreement between a defendant and the State and a breach thereof which is made known to the trial court, and if the trial court does not sentence the defendant pursuant to the terms of the plea agreement (or as alleged in the instant case, that the State makes a sentence recommendation contrary to the plea agreement), then the defendant must be given an opportunity, upon proper, timely, and specific motion, to withdraw his guilty plea. At that point, the trial court must review the circumstances surrounding the making of the plea agreement and determine whether vel non a breach occurred. Further, it must decide if the guilty plea rested in any significant degree upon the agreement of the State, so that such can be said to be part of the inducement or consideration and, thus, must be fulfilled. The trial court may hold a hearing and receive testimony to determine the above. Once it makes its findings, the trial court then determines the appropriate remedy, if any. Santobello v. New York, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); See Yarber, supra.
We do not find the circumstances of English to be supportive of appellant's contention.
We have reviewed appellant's contention raised on appeal and find no error. Thus, this cause is hereby affirmed.
AFFIRMED.
All the Judges concur.
NOTES
[1] See Clark v. State, 408 So.2d 168 (Ala.Cr. App.1981), cert. denied, 408 So.2d 168 (Ala. 1982); Griswold v. City of Enterprise, 384 So.2d 1219 (Ala.Cr.App.1980).