556 So.2d 1091 (1988)
Hosea BLACKWELL
v.
STATE.
8 Div. 88.
Court of Criminal Appeals of Alabama.
November 23, 1988.
On Return to Remand May 12, 1989.
*1092 Marc Sandlin, Huntsville, for appellant.
Don Siegelman, Atty. Gen., and Rivard Melson, Asst. Atty. Gen., for appellee.
PATTERSON, Judge.
On October 23, 1987, appellant, Hosea Blackwell, was indicted for possession of cocaine (Case No. CC87-1097FY). Ala. Code, § 20-2-70 (1975). Subsequently, on December 9, 1987, seven additional indictments were returned against him. Six of the additional indictments charged appellant with selling cocaine (CC88-227, -228, -229, -230, -231, and -232). § 20-2-80. The seventh charged him with selling marijuana (CC88-233). § 20-2-80.
Just prior to commencement of trial on March 10, 1988, in Case No. CC87-1097FY, pursuant to a plea bargain agreement, appellant withdrew his not guilty plea and, upon entering a guilty plea, was sentenced to five years' imprisonment. Subsequently, on the same date, appellant entered guilty pleas in Cases No. CC88-227, -228, and -229, pursuant to an agreement, and the trial court delayed sentencing until April 12, 1988. A plea bargain agreement had been entered into whereby appellant would plead guilty to three indictments for selling cocaine in exchange for a sentence of 15 years' imprisonment in each case. The state further agreed to make no recommendation as to whether the sentences would run concurrently with each other and/or with the previous five-year sentence. Upon the entry of the guilty pleas and the pronouncement of the sentences, the remaining four indictments were to be nol-prossed.
On April 12, 1988, at the sentencing hearing, the prosecuting attorney recommended that the trial court order the 15-year sentence to run consecutively to the 5-year sentence, contrary to the plea bargain agreement previously entered into. The trial court, taking into consideration the state's recommendation, sentenced appellant to 15 years' imprisonment in each of the cases numbered CC88-227, -228, and -229, and ordered the sentences to run concurrently with each other. The court, while noting the state's recommendation, did not order the 15-year sentences to run concurrently with the 5-year sentence, thus requiring the sentences to run consecutively. During the sentencing hearing, no objection was made to the prosecution's recommendation. The remaining four indictments (Cases No. CC88-230, -231, -232, and -233) were nol-prossed. On April 14, 1988, two days after the sentencing hearing, appellant, through counsel, filed a notice of appeal in all four cases, and appellant's counsel filed a motion for leave to withdraw as counsel, stating, "For this attorney to continue to represent Mr. Blackwell on appeal may prevent a full and fair exploration of the various grounds for appeal." On April 18, 1988, appellant filed a pro se motion for leave to withdraw his guilty pleas in all four cases, citing, inter alia, that "the prosecuting attorney changed his recommendation from agreeing to take no position on the concurrency of sentences as promised in the plea agreement to recommending that the sentencing be consecutive." Appellant also filed a pro se document on April 20, 1988, entitled "Motion For Dismissal From Conviction or Sentence," raising, inter alia, ineffective assistance of counsel. On June 7, 1988, appellant's counsel was permitted to withdraw and new counsel was appointed. The trial court, on June 17, 1988, denied all motions filed by appellant on the ground that they had been filed after notice of appeal had been filed and were, therefore, untimely.
Appellant appeals his convictions, contending that the failure of the state to adhere to its plea bargain agreement requires a reversal and that his sentences are disproportionate to the crimes and violative of his Eighth and Fourteenth Amendment rights. We will address only his first contention. We find no merit in the second. Appellant correctly asserts that the state agreed not to take a position as to how the sentences would run, but at the sentencing recommended that the three 15-year sentences run consecutively with the 5-year sentence. He argues that he was entitled to have the plea agreement tendered to the *1093 court in accordance with his bargain or, in the alternative, to be afforded the opportunity to withdraw his pleas. The attorney general, while conceding that the prosecution made a sentencing recommendation it had promised not to make, contends that the agreement to take no position on the sentencing played no significant part in appellant's decision to plead guilty to the three charges of selling cocaine. The attorney general also contends that the agreement could not have played a part in appellant's decision to plead guilty in the first offense which netted him a five-year sentence. The state argues that appellant's failure to object, at sentencing, to the recommendation indicates that the original agreement that the prosecutor would not recommend whether the sentences should run concurrently or consecutively played no significant part in appellant's decision to plead guilty in the latter three cases.
We are of the opinion that the plea bargain agreement leading to the initial guilty plea and resulting in a five-year sentence was not breached, and that the conviction and sentence should be affirmed. The first guilty plea proceeding resulting in the five-year sentence was completely separate from the second proceeding involving the three fifteen-year sentences and involved a completely separate and unrelated plea bargain agreement.
However, the breach of the second plea agreement is admitted. In addressing the procedure to be followed in a similar case involving the state's breach of a plea bargain agreement, we set out the rule as follows:
"[I]f there is a plea agreement between a defendant and the State and a breach thereof which is made known to the trial court, and if the trial court does not sentence the defendant pursuant to the terms of the plea agreement (or as alleged in the instant case, that the State makes a sentence recommendation contrary to the plea agreement), then the defendant must be given an opportunity, upon proper, timely, and specific motion, to withdraw his guilty plea. At that point, the trial court must review the circumstances surrounding the making of the plea agreement and determine whether ... a breach occurred. Further, it must decide if the guilty plea rested in any significant degree upon the agreement of the State, so that such can be said to be part of the inducement or consideration and, thus, must be fulfilled. The trial court may hold a hearing and receive testimony to determine the above. Once it makes its findings, the trial court then determines the appropriate remedy, if any. Santobello v. New York, 404 U.S. 257, 263 [92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971)]; See Ex parte Yarber, [437 So.2d 1330 (Ala. 1983)]."
Orr v. State, 435 So.2d 182, 184 (Ala.Cr. App.1983). See also State v. Holman, 486 So.2d 500 (Ala. 1986); English v. State, 56 Ala.App. 704, 325 So.2d 211 (1975), cert. denied, 295 Ala. 401, 325 So.2d 216 (Ala. 1976). Thus, if appellant's motion to withdraw his guilty pleas was proper, timely, and specific, it remains to be determined if his pleas rested, in any significant degree, upon the state's agreement not to make a sentence recommendation in reference to the running of the sentences so that it can be said to have been part of the inducement or consideration. We hold that appellant's motion to withdraw his pleas in Cases CC88-227, -228, and -229 was proper, timely, and specific and should have been considered by the trial court. Johnson v. State, 421 So.2d 1306 (Ala.Cr.App.1982); A.R.Crim.P.Temp. 13; A.R.A.P. 4(b)(1). However, we cannot determine from the record before us whether the guilty pleas rested in any significant degree on the promise breached by the state and, therefore, we find it necessary to remand this case to the trial court with instruction to make such a determination. As the Orr court noted, an evidentiary hearing might be helpful in making this determination. If the trial court finds that the three guilty pleas for selling cocaine rested to a significant degree upon the portion of the agreement that the state breached, the three convictions and sentences must be set aside, appellant's motion to withdraw the guilty pleas granted, and the cases restored to the trial docket for proper disposition. When the trial court makes its findings *1094 and determines the appropriate remedy, if any, due return should be made to this court of the findings and actions taken.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.
BOWEN, TYSON and McMILLAN, JJ., concur.
TAYLOR, P.J., concurs specially.
TAYLOR, Presiding Judge, concurring specially,
I respectfully disagree with the instruction to hold a hearing to determine if the sentence was a significant factor in the decision to plead guilty. When the assistant district attorney misstated the plea bargain agreement, he made it appear that they had agreed to a total of 20 years' imprisonment instead of 15. All freedom is precious. It would be a material factor to any human being. Therefore, the cause should be remanded to afford the defendant the opportunity to withdraw his guilty plea, and for further proceedings. We note that the ineffectiveness of trial counsel issue, presented in the trial court, was not argued on this appeal by appellate counsel.

ON RETURN TO REMAND
PATTERSON, Judge.
We remanded this case to the trial court with instructions to determine if the three guilty pleas for the offenses of selling cocaine rested in any significant degree upon the portion of the plea bargain agreement that was breached by the state. Complying with our remand, the trial court held a hearing, at which appellant renewed his motion to withdraw his guilty pleas, and the state consented. The trial court thereupon granted appellant's motion and set aside the guilty pleas and restored the three cases, numbered CC88-227, -228, and -229, to the trial docket. The dismissal of cases numbered CC88-230, -231, -232, and -233, which had occurred as a result of the plea bargain agreement, was set aside by the trial court on motion of the state and those cases were also restored to the trial docket for proper disposition.
Appellant having been granted the full relief sought on appeal, rendering moot the issues raised, this appeal is due to be, and it is hereby, dismissed.
OPINION EXTENDED; APPEAL DISMISSED.
All Judges concur.