Robert Edwards pleaded guilty to promoting prison contraband in the second degree, in violation of § 13A-10-37, Code of Alabama 1975, and was sentenced to 30 years' imprisonment, under the Habitual Felony Offender Act. He presents two issues for review.
 I.
Edwards contends that the trial court erred to reversal in denying his motion to dismiss for lack of jurisdiction. Specifically, he argues that dismissal of the *Page 1261 
charge was required because too much time elapsed between his demand for a trial and the date of the trial. In support of this position, he relies on the Uniform Mandatory Disposition of Detainers Act, § 15-9-80 to -88. His reliance is misplaced.
 "The sections of the Code relied upon by appellant . . . [relate] exclusively to problems pertaining to interstate extradition. The sections of the Code relied upon are utterly irrelevant to a prisoner in Alabama unless a territory or a state of the United States other than Alabama has lodged in Alabama a detainer against the prisoner. . . ."
Morning v. State, 416 So.2d 780, 780-81 (Ala.Cr.App. 1982) (emphasis added). See also Randle v. State, 554 So.2d 1124,1126-27 (Ala.Cr.App. 1986), aff'd, 554 So.2d 1131 (Ala. 1987) (quoting Morning). The record discloses that Edwards, at the time the instant charge was brought against him, was incarcerated in an Alabama correctional facility (Red Eagle Honor Farm). Also disclosed is the fact that the charges against him were brought by the State of Alabama, not a state "other than Alabama." We conclude that his argument is unavailing, as he erroneously relies upon a statute that is inapplicable under these facts.
 II.
Edwards also contends that the trial court erred when it failed to sentence him in accordance with a plea bargain agreement, and, thereafter, denied his motion to withdraw his guilty plea. The plea agreement stipulated that if he would plead guilty to the charged offense, the state would recommend, in concurrence with the warden of the Department of Corrections, that Edwards be sentenced, under the Habitual Felony Offender Act, for having two prior felony convictions, to a 10-year prison sentence to run concurrently with the prison sentence he is presently serving. The trial court accepted Edwards's guilty plea, but sentenced him to 30 years' imprisonment after discovering from the pre-sentence report that he had four prior felony convictions. Edwards, thereafter, timely filed a motion to withdraw his guilty plea.
 "[I]f there is a plea agreement between a defendant and the State and a breach thereof which is made known to the trial court, and if the trial court does not sentence the defendant pursuant to the terms of the plea agreement (or as alleged in the instant case, that the State makes a sentence recommendation contrary to the plea agreement), then the defendant must be given an opportunity, upon proper, timely, and specific motion, to withdraw his guilty plea. At that point, the trial court must review the circumstances surrounding the making of the plea agreement and determine whether . . . a breach occurred. Further, it must decide if the guilty plea rested in any significant degree upon the agreement of the State, so that such can be said to be part of the inducement or consideration and, thus, must be fulfilled. The trial court may hold a hearing and receive testimony to determine the above. Once it makes its findings, the trial court then determines the appropriate remedy, if any. Santobello v. New York, 404 U.S. 257 [92 S.Ct. 495, 30 L.Ed.2d 427] . . . (1971); See Yarber [v. State, 437 So.2d 1330 (Ala. 1983)]."
Orr v. State, 435 So.2d 182, 184 (Ala.Cr.App. 1983). See alsoEx parte Otinger, 493 So.2d 1362 (Ala. 1986); Blackwell v.State, 556 So.2d 1091 (Ala.Cr.App. 1988); English v. State,56 Ala. App. 704, 325 So.2d 211 (Ala.Cr.App. 1975), cert. denied,295 Ala. 401, 325 So.2d 216 (1976).
The record reveals that Edwards's motion to withdraw his guilty plea was proper, timely, and specific. See Johnson v.State, 421 So.2d 1306 (Ala.Cr.App. 1982); A.R.Cr.P.Temp. 13; A.R.App.P. 4(b)(1). However, a thorough review of the record fails to reveal that the trial court determined whether there was, or was not, a breach of the plea bargain agreement by the state, and whether Edwards's guilty plea rested, in any significant degree, on a promise or agreement made by the state. Therefore, this case is remanded to the trial court with directions that these determinations be made and that its findings be filed with the circuit court clerk in sufficient time for the *Page 1262 
clerk to make due return to this court at the earliest possible time and within 45 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.