WELCH, Judge.
 

 Lovorice Quindale Andrews was indicted on two counts of robbery in the first de
 
 *729
 
 gree, violations of § 13A-8-41, Ala.Code 1975. After initially entering not-guilty pleas to both charges, Andrews entered into an agreement with the Coffee County District Attorney’s Office as to one of the robbery counts, pursuant to which he would plead guilty to one count of first-degree assault, a violation of § 13A-6-20, Ala.Code 1975. The plea agreement stated that, in the assault case, the prosecutor would recommend that Andrews receive a sentence of five years in prison, the sentence would be split, and Andrews would serve two years. The balance of the sentence was to be suspended for four years. (C. 127.) The record does not indicate that any plea agreement was made as to the other robbery count, or that the district attorney’s office agreed to make a sentence recommendation as to that count.
 

 On February 5, 2008, the trial court entered an administrative order regarding plea day for the April 2, 2008, criminal jury term of court. The order was applicable to all criminal defendants who expected to enter a plea before that term of court. In the order, the trial court stated in no uncertain terms that it would “not accept Settlement Agreements.” (C. 170.) The order continued, “[t]he court will consider signed Settlement Agreements
 
 only
 
 as recommendations. The State and Defendant may negotiate the charge(s).” (C. 170, emphasis in original.)
 

 On March 6, 2008, the trial court conducted a plea hearing in accordance with the requirements of Rule 14.4, Ala. R.Crim. P., including informing Andrews of the sentencing range for both robbery and assault. During the hearing, the trial court had the following exchange with Andrews:
 

 “THE COURT: Has anybody made you any promises other than that recommended settlement agreement in the one case that the charge is reduced?
 

 “THE DEFENDANT: No, sir.
 

 “THE COURT: Now, do you understand that I have the final say so of your sentence regardless of these settlement agreements and that I’m not bound to follow these recommended settlement agreements? And so, therefore, I’m at this point in time letting you know that you can withdraw your guilty pleas. Do you wish to withdraw your guilty pleas with me telling you that I’m not bound to follow these settlement agreements?
 

 “THE DEFENDANT: No, sir.”
 

 (R. 11.)
 

 After the plea hearing, the trial court détermined that Andrews was voluntarily, knowingly, and intelligently entering guilty pleas to both the robbery and assault charges and accepted those pleas.
 

 On March 24, 2008, a sentencing hearing was held. The victim in the assault case testified as to the extent of his injuries and asked that Andrews receive a “substantial sentence.” (R. 18.) After hearing the testimony and arguments of the attorneys for both parties, the trial court sentenced Andrews to 15 years’ imprisonment in the assault case and to 50 years’ imprisonment in the robbery case.
 

 After sentencing, Andrews moved to withdraw his guilty pleas. The trial court denied the motion. Andrews appealed.
 

 I.
 

 Andrews contends that the trial court abused its discretion in denying his motion to withdraw his guilty pleas because, Andrews says, the court indicated in its own administrative order that it would consider applicable sentencing guidelines. He argues that the court’s failure to impose the sentencing guidelines amounts to a “broken promise.” (Andrews’s brief at p. 12.)
 

 Andrews acknowledges that the Alabama Sentencing Reform Act of 2003,
 
 *730
 
 § 12-25-30 et seq., Ala.Code 1975, specifically provides that “[failure to follow any or all of the provisions of this section [use of voluntary sentencing standards], or failure to follow any or all of the provisions of this section in the prescribed manner, shall not be renewable on appeal or the basis of any other post-conviction relief.” § 12-25-85(f), Ala.Code 1975.
 

 In
 
 Dueker v. State,
 
 986 So.2d 1224, 1226 (Ala.Crim.App.2007), this court held that, although it appeared from the record that the trial court “failed to consider the voluntary sentencing standards, [that] failure did not provide a legal basis for setting aside Ducker’s conviction or resentencing him.”
 

 Nonetheless, Andrews asserts that the basis for his appeal is not that the trial court failed to apply the guidelines, but that it broke the promise made in the administrative order that it would consider the guidelines. Andrews’s argument is not supported by the record.
 

 In its order dated 16 April, 2008, the trial court clarified its initial sentencing order to reflect that it had in fact considered the sentencing guidelines but had chosen not to follow them in this case. (C. 167.) The trial court adhered to its administrative order; thus, to the extent any “promise” was made in the order, such promise was not breached. This issue is without merit.
 

 II.
 

 Andrews also contends that the trial court abused its discretion in not allowing him to withdraw the guilty plea entered in the assault case after it refused to follow the agreement reached between Andrews and the State.
 

 Rule 14.4(e), Ala. R.Crim. P., provides that “[t]he court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice.” “ ‘[Wjhether to allow a defendant to withdraw his guilty plea rests within the sound discretion of the trial court, and this Court will not overrule that decision on appeal absent an abuse of discretion.’
 
 Thacker v. State,
 
 703 So.2d 1023, 1026 (Ala.Crim.App. 1997).”
 
 White v. State,
 
 4 So.3d 1208, 1213 (Ala.Crim.App.2008).
 

 “ ‘ “[T]he trial court is not bound to accept an agreement between the defense and prosecution.”
 
 Ex parte Yarber,
 
 437 So.2d 1330, 1336 (Ala. 1983). However, “ ‘[w]hen the trial judge decides not to carry out an agreement reached between the prosecutor and defense counsel, the accused must be afforded the opportunity to withdraw his or her guilty plea on motion promptly made.’ ”
 
 Bland v. State,
 
 565 So.2d 1240, 1243 (Ala. Crim.App.1990), quoting
 
 Ex parte Otinger,
 
 493 So.2d 1362, 1364 (Ala. 1986).’
 

 “Bagley v. State,
 
 681 So.2d 262, 265 (Ala.Crim.App.1995).”
 

 Johnson v. State,
 
 886 So.2d 900, 902 (Ala. Crim.App.2003).
 

 However, the appellate courts have also recognized that under certain circumstances, the trial court’s refusal to sentence a defendant in accordance with the terms of a plea agreement requires that the defendant be offered the opportunity to withdraw his plea.
 

 In
 
 Ex parte Otinger,
 
 493 So.2d 1362, 1363-64 (Ala.1986), the Supreme Court explained as follows:
 

 “‘“Our holding today is not to be considered as binding the trial court to the agreement struck between the prosecutor and defense counsel. What we do hold is that if the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused,
 
 *731
 
 the accused must be afforded the opportunity to withdraw this guilty plea on motion promptly made, as was done in this case.” ’
 

 “See
 
 Shepard v. State,
 
 347 So.2d 1017 (Ala.Crim.App.1977) (recognizing rule);
 
 Waldrop v. State,
 
 54 Ala.App. 163, 306 So.2d 29, cert, denied, 293 Ala. 777, 306 So.2d 33 (1974);
 
 Blow v. State,
 
 49 Ala. App. 623, 274 So.2d 652 (1973). See also
 
 Gill v. State,
 
 380 So.2d 1008 (Ala.Crim. App.1980).”
 

 In
 
 Calloway v. State,
 
 860 So.2d 900, 906 (Ala.Crim.App.2003) (opinion on return to remand and on second application for rehearing), this Court held as follows:
 

 “Rule 14.3(c)(2)(iv), Ala. R.Crim. P., provides that if a trial court rejects a plea agreement, it must ‘[ajfford the defendant the opportunity to withdraw the defendant’s offer to plead guilty.’ ‘The law is clear: if a trial court refuses to abide by the terms of a plea agreement, it must grant the defendant’s timely motion to withdraw the plea.’
 
 Taylor v. State,
 
 677 So.2d 1284, 1285 (Ala.Crim. App.1996). See also
 
 Ex parte Otinger,
 
 493 So.2d 1362 (Ala.1986);
 
 Nelson v. State,
 
 866 So.2d 594 (Ala.Crim.App. 2002);
 
 Moore v. State,
 
 719 So.2d 269 (Ala.Crim.App.1998);
 
 Clark v. State,
 
 655 So.2d 50 (Ala.Crim.App.1995); and
 
 Brown v. State,
 
 495 So.2d 729 (Ala.Crim. App.1986). The reasoning behind this is that ‘when a plea rests in any significant degree on a promise or agreement of the prosecutor ... so that it can be said to be part of the inducement or consideration, such promise or agreement must be fulfilled.’
 
 Ex parte Otinger1,
 
 493 So.2d at 1364, citing
 
 Santobello v. New York,
 
 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (emphasis omitted [in
 
 Calloway
 
 ]).”
 

 Andrews relies upon
 
 Waters v. State,
 
 963 So.2d 693, 696-97 (Ala.Crim.App.2006), in support of his contention that his motion to withdraw his guilty plea in the assault case was due to be granted.
 

 In
 
 Waters,
 
 this court held that the trial court abused its discretion when it refused to grant Waters’s request to withdraw his guilty plea when the trial court did not sentence Waters pursuant to the terms of a plea agreement reached between the State and Waters.
 

 In reversing the judgment of the trial court in
 
 Waters,
 
 this court explained:
 

 “‘“[I]f there is a plea agreement between a defendant and the State and a breach thereof which is made known to the trial court, and
 
 if the trial court does not sentence the defendant pursuant to the terms of the plea agreement
 
 (or as alleged in the instant case, that the State makes a sentence recommendation contrary to the plea agreement), then the defendant
 
 must
 
 be given an opportunity, upon proper, timely, and specific motion, to withdraw his guilty plea. At that point, the trial court must review the circumstances surrounding the making of the plea agreement and determine whether ... a breach occurred. Further, it must decide if the guilty plea rested in any significant degree upon the agreement of the State, so that such can be said to be part of the inducement or consideration and, thus, must be fulfilled. The trial court may hold a hearing and receive testimony to determine the above. Once it makes its findings, the trial court then determines the appropriate remedy, if any.
 
 Santo-bello
 
 v. New York, 404 U.S. 257 [92 S.Ct. 495, 30 L.Edüd 427] ... (1971); See
 
 [Ex parie
 
 ]
 
 Yarber
 
 [, 437 So.2d 1330 (Ala.1983) ].”
 

 
 *732
 
 “
 
 ‘Orr v. State,
 
 435 So.2d 182, 184 (Ala.Crira.App.1983). See also
 
 Ex parte Otinger,
 
 493 So.2d 1362 (Ala. 1986);
 
 Blackwell v. State,
 
 556 So.2d 1091 (Ala.Crim.App.1988);
 
 English v. State,
 
 56 AlaApp. 704, 325 So.2d 211 (Ala.Crim.App.1975), cert, denied, 295 Ala. 401, 325 So.2d 216 (1976).’
 

 “In this case, the trial court informed the appellant that he could withdraw his guilty plea during the hearing on May 9, 2006. However, at that time, the appellant did not have complete information upon which to base his decision because he did not know if the State would be able to prove that he had three prior felony convictions and did not know if the trial court would sentence him in accordance with the plea agreement. Once the State proved the three prior felony convictions and the trial court indicated that it was not going to sentence him in accordance with the plea agreement during the sentence hearing on June 28, 2006, the appellant had the necessary information upon which to base his decision.
 

 “At that time, the trial court should have afforded him the opportunity to withdraw his guilty plea.”
 

 Waters v. State,
 
 963 So.2d 693, 696-97 (Ala.Crim.App.2006).
 

 As to the rejection of a plea agreement by a trial court, Rule 14.3, Ala. R.Crim. P., provides, in pertinent part:
 

 “(b) Disclosure of Plea Agreement. If a plea agreement has been reached by the parties, the court shall require the disclosure of the agreement in open court prior to the time a plea is offered. Thereupon, the court may accept or reject the agreement or may defer its decision as to acceptance or rejection until receipt of a presentence report.
 

 “(c) Acceptance or Rejection of Plea Agreements.
 

 [[Image here]]
 

 “(2) If the court rejects the plea agreement, the court shall:
 

 “(i) So inform the parties;
 

 “(ii) Advise the defendant and the prosecutor personally in open court that the court is not bound by the plea agreement;
 

 “(iii) Advise the defendant that if the defendant pleads guilty, the disposition of the case may be either more or less favorable to the defendant than that contemplated by the plea agreement;
 

 “(iv) Afford the defendant the opportunity to withdraw the defendant’s offer to plead guilty;
 

 “(v) Afford the prosecutor the opportunity to change his recommendations; and
 

 “(vi) Afford the parties the opportunity to submit further plea agreements.”
 

 In this case, although the trial court had informed Andrews that it was not bound by the agreement between him and the prosecution, it did not expressly indicate to him whether it would accept or reject the agreement until the sentencing hearing. As was the case in
 
 Waters,
 
 at the time Andrews entered his plea, he did not have complete information upon which to base his decision because he did not know if the trial court would sentence him in accordance with the plea agreement. It was not until the actual sentencing hearing that Andrews knew that the trial court had rejected the prosecutor’s recommended sentence. And, again, as was the case in
 
 Waters,
 
 it was at that time that the trial court should have afforded Andrews the opportunity to withdraw his plea.
 

 
 *733
 
 Accordingly, the trial court abused its discretion in denying Andrews’s motion to withdraw his plea of guilty to the assault charge. The judgment of the trial court is affirmed as to the robbery charge, reversed as to the assault charge, and the cause is remanded to the trial court for proceedings consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.