JOINER, Judge.
Ricardo Maurice Hill .pleaded guilty to first-degree robbery, see § 13A-8-41, Ala. *546 Code 1975, and was sentenced to 30 years’ imprisonment. The Montgomery Circuit Court ordered Hill to pay a $50 crime-victims-compensation assessment, a $750 bail-bond fee, attorney fees, and court costs.
At Hill’s guilty-plea hearing on March 9, 2015, the parties agreed that Hill had entered into a plea agreement with the State pursuant to which the State would recommend that Hill be sentenced to 25 years’ imprisonment in exchange for Hill’s testimony at trial against his codefendant, Temarco Searver. The circuit court accepted Hill’s guilty plea, adjudicated him guilty, and set his sentencing hearing for April 9, 2015.
At a sentencing hearing held on June 18, 2015,[1] the State argued: “Since [Hill] was not present to testify for his codefendant’s trial, we would argue the sentencing portion is void as far as the agreement is concerned.” (R. 8.) In response, Hill stated,
“[T]he codefendent, Temarco Searver, actually pled. There was no testimony that was needed before he entered his guilty plea, Judge, and we believe the agreement should stand in light of that, as well as him working with the State of Alabama by way of defense attorney and providing information. So we think the sentencing agreement should stand.”
(R. 8.) The court, without stating its reason for doing so, deviated from the plea agreement and instead sentenced Hill to 30 years’ imprisonment.
On July 7, 2015, Hill filed a motion to withdraw his guilty plea on the ground that the circuit court did not sentence him in accordance with the plea agreement. The circuit court denied his motion.
On appeal, Hill raises the same issue he raised in his motion to withdraw his guilty plea and requests that this Court reverse the circuit court’s denial of that motion and remand his case for further proceedings. The State concedes that the circuit court abused its discretion when it denied Hill’s motion and also asks this Court to remand Hill’s case to the circuit court so that Hill may withdraw his guilty plea.
Rule 14.3-, Ala. R.Crim. P., provides, in relevant part:
“(a) Entering into Plea Agreements. The prosecutor and the defendant or defendant’s attorney may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty to a charged offense or to a lesser or related offense, the prosecutor either will move for dismissal of other charges or will recommend (or will not oppose) the imposition or suspension of a particular sentence, or will do both.
“(b) Disclosure of Plea Agreement. If a plea agreement has been reached by the parties, the court shall require the disclosure of the agreement in open court prior to the time a plea is offered. Thereupon, the court may accept or reject te agreement or may defer its decision as to acceptance or rejection until receipt of a presentence report.
“(c) Acceptance or Rejection of Plea Agreements.
“(1) If the court accepts the plea agreement, the court, after compliance with Rule 14.4, shall inform the parties that it will embody in the judgment and sentence the .disposition provided for in the plea agreement.
*547 “(2) If the court rejects the plea agreement, the court shall:
“(i) So inform the parties;
“(ii) Advise the defendant and the prosecutor personally in open court that the court is not bound by the plea agreement;
“(in) Advise the defendant that if the defendant pleads guilty, the disposition of the case may be either more or less favorable to the defendant than that contemplated by the plea agreement;
“(iv) Afford the defendant the opportunity to withdraw the defendant’s offer to plead guilty;
“(v) Afford the prosecutor the opportunity to change his recommendations; and
“(vi) Afford the parties the opportunity to submit further plea agreements.”
The record on appeal indicates that the circuit court did not comply with the provisions of Rule 14.3(c)(2), Ala. R.Crim. P.; therefore, the circuit court abused its discretion when it denied Hill’s motion to withdraw his guilty plea. See Andrews v. State, 12 So.3d 728 (Ala.Crim.App.2009); see also Waters v. State, 968 So.2d 693 (Ala.Crim.App.2006). Accordingly, the judgment of the circuit court is reversed, and this case is remanded to the circuit court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and WELCH, KELLUM, and BURKE, JJ., concur.

. Hill failed to appear at his April 9, 2015, sentencing hearing because he was in the hospital, and that hearing was continued to April 14, 2015. Hill failed to appear at the April 14, 2015, sentencing hearing, and the circuit court issued a warrant for Hill’s arrest. Hill was sentenced after being taken into custody.